UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff,<br><br>v.<br><br>SOUTHERN UNION GAS CO.<br>& NEW ENGLAND GAS CO.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 07-142S |

**DEFENDANT SOUTHERN UNION CO.'S**
**MOTION TO COMPEL DISCOVERY RESPONSES FROM PLAINTIFF**

Pursuant to Fed. R. Civ. P. 37, Defendant Southern Union Co. hereby moves to compel Plaintiff Lynore Horn to provide responses to (a) Defendant's First Set of Interrogatories to Plaintiff and (b) Defendant's First Request for Production of Documents to Plaintiff (collectively, "Discovery Requests"). As grounds for this motion, Defendant states as follows:

1. Defendant served the Discovery Requests, attached as Exhibit A, on or about May 31, 2007.

2. On or about June 12, 2007, Plaintiff faxed a letter to Defendant's counsel stating that Plaintiff was "working on [her] responses" to Defendant's First Set of Interrogatories and also asked Defendant to "rephrase what [it is] looking for" with respect to certain numbered paragraphs in Defendant's Document Request. This letter is attached as Exhibit B.

3. On or about June 20, 2007, Defendant sent Plaintiff a certified letter in response to her June 12th letter attempting to explain what specific types of documents Defendant sought. This letter is attached as Exhibit C.

4. On or about June 29, 2007, Defendants counsel received from Plaintiff (a) a letter in which Plaintiff essentially refused to answer all but a few of Defendant's Interrogatories and (b) objections to Defendant's First Request for Production of Documents, but no responsive

answers or documents. Plaintiff did not provide properly formatted paragraph-by-paragraph responses to Defendant's Interrogatories, but instead asked Defendant's counsel to "Accept these [sic] as my refusals to answers," and noted that she would "get [Defendant's counsel] the rest." This letter and the objections to Defendant's document request, received on or about June 29th, are attached as Exhibit D.

5. On July 27, 2007, Defendant's counsel sent Plaintiff another certified letter stating (a) that Plaintiff has never formally responded to the interrogatories; (b) that her blanket objections to the document requests were baseless; and (c) that Defendant would give Plaintiff until Monday, August 6, 2007, to provide substantive responses to both Discovery Requests before filing a motion to compel. This letter is attached as Exhibit E.

6. On or about July 29, 2007, Plaintiff sent Defendant's counsel another letter indicating that she would only respond to a select few of Defendant's Interrogatories and Request for Production of Documents, and further indicated that she needed more time to prepare even these (very limited) responses. This letter is attached as Exhibit F.

7. As Plaintiff has already had two months to prepare her responses, and, in any event, has objected to and/or indicated that she will not respond to the vast majority of the Interrogatories and Document Requests, Defendants are forced to file this motion to compel.

Defendants further note that Fed. R. Civ. P. 33(b)(1) directs that "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Further, Rule 33(b)(4) directs that "[a]ll grounds for an objection to an interrogatory shall be *stated with specificity*. Any ground not stated in a timely

objection is waived . . . ." (emphasis added). Here, Plaintiff has undeniably failed to comply with these rules with respect to her "response" to Defendant's Interrogatories.

Further, "[a] party may not simply point to prior production and refuse to answer a discovery request absent some showing that identified prior production identifies the responsive information." New Colt Holding Corp. v. RJG Holdings of Fla., Inc., 2003 U.S. Dist. LEXIS 18039, at *6 n.2 (D. Conn. June 16, 2003). Thus, the mere fact that there may be some level of overlap between the Discovery Requests in the instant case and those in the Plaintiff's Title VII case, C.A. No. 04-434S, does not excuse her from responding in full as required by the Federal Rules.

Defendants therefore respectfully request that this Court GRANT its motion to compel and order Plaintiff to provide substantive discovery responses, without objection, within twenty days from the date of the hearing on this motion.

RULE 37(a)(2)(A) CERTIFICATION

I, Neal J. McNamara, hereby certify that I conferred with Plaintiff in an attempt to secure the above discovery responses without court action.

DEFENDANT SOUTHERN UNION CO.

By its Attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903
(401) 454-1000
(401) 454-1030 (Facsimile)
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was served via certified mail, return receipt requested, this 1st day of August, 2007 to:

Lynore Horn
88 Alger Avenue
East Greenwich, RI 02821