UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LYNORE HORN, Plaintiff,

v. : CA 07-142 S

SOUTHERN UNION GAS CO. & NEW ENGLAND GAS CO., Defendants.

**MEMORANDUM AND ORDER**
**GRANTING MOTION TO COMPEL**

Before the Court is Defendant Southern Union Co.'s Motion to Compel Discovery Responses from Plaintiff (Document ("Doc.") #7) ("Motion to Compel" or "Motion"). This matter has been referred to me for determination. The Court has determined that no hearing is necessary.

**Facts**

By the Motion, Defendant Southern Union Gas Co. ("Southern Union" or "Defendant") seeks to compel Plaintiff Lynore Horn ("Plaintiff") to provide responses to (a) Defendant's First Set of Interrogatories to Plaintiff ("Interrogatories") and (b) Defendant's First Request for Production of Documents to Plaintiff ("Request for Production") (collectively "Discovery Requests"). See Motion at 1. Plaintiff has filed a response to the Motion. See Plaintiff's Response to Defendant[']s Motion for Production of Documents (Doc. #9) ("Plaintiff's Response" or "Response").

Plaintiff states in her Response that she answered the Interrogatories and the Request for Production on or about June 29, 2007. See Response at 1. Plaintiff indicates that her answer to the Interrogatories was in the form of a letter which she sent by certified mail to Defendant's attorney. See id.; see also id., Exhibit ("Ex.") A (Letter, presumably from Plaintiff,

to McNamara which is undated and unsigned).

In that letter, Plaintiff states that "many of these questions will not be answered," id., and she requests "additional time to answer the ones I will answer," id. As reasons for not answering, Plaintiff indicates: 1) that the information has previously been provided to Defendant in a prior lawsuit and that she has been deposed at length (apparently in the prior lawsuit); and 2) that she is not a doctor,[1] see id. She suggests that Defendant is wasting time and states twice that she will not repeat information. See id. The letter concludes by stating:

> I will try to answer the questions I have given "No response to" in a decent amount of time: I am working alone: and on medication - So I need more time. Accept these as my refusals to answers - and I will get you the rest.[2]

Id.

Plaintiff has also attached to her Response a copy of a second letter which she sent to Defendant's counsel. See Response, Ex. B (Letter from Plaintiff to McNamara of 7/29/07). In this second letter, Plaintiff repeats that she sent answers to the Interrogatories and Request for Production to Defendant in June. See id. The letter states in part:

> I assumed after I mailed these documents - certified you did get them. You may be upset by my format. You stated

[1] Plaintiff makes this statement in reference to Interrogatory No. 3. That interrogatory asks her to "state the disability or disabilities that underlie your allegations of disability discrimination ...." Defendant Southern Union Co.'s Motion to Compel Discovery Responses from Plaintiff (Document ("Doc.") #7) ("Motion to Compel" or "Motion"), Ex. A, Attachment 2 (Defendant Southern Union Company's First Set of Interrogatories to Plaintiff) ("Interrogatories") at 3.

[2] The Court has corrected without signal Plaintiff's non-standard spacing and capitalization.

> you received no answer - You did and it was the leading letter to the answers which you admit (are blanket) so you did receive it but not the formal format that you are used to.
>
> ....
>
> I need more time to get answers to the questions I will answer. I asked for additional time. You now say Monday, August 6th. Sorry, that date is not enough time for me. I did give you answers to the questions I feel I should not answer and why. You feel they are inadequate. Well, that we will always disagree on.[3]

Response, Ex. B.

Plaintiff's second letter concludes by indicating that "[t]owards the end of August ...," id., she will provide answers to the "unanswered Documents and Interrogatories, " id. She adds that she "do[es] not have a complete staff such as yourself - and I am under medication - more time is needed to answer these questions." Id.

Plaintiff refers to this second letter in her Response to the instant Motion:

> My letter also contained the Interrogatories I will answer and the production of documents. The time limit is the only part for me that is difficult. I feel the defendant[']s counsel is being unjust in giving me 20 days. I am asking for 30 more and only the questions that I have said I will answer. Interrogatories 3d- 4 and 8 and 13 and in production of documents No. 8 and 9-20 and 21.

Response at 2. Plaintiff also notes that she received "[b]lanket responses," id., from Defendant in response to the interrogatories and request for production which she propounded to Defendant, see id.

**Discussion**

The Court addresses the objections which Plaintiff has

[3] See n.2.

raised to Defendant's Interrogatories. With reference to her contention that Defendant must accept her response to the Interrogatories in the format she has chosen (i.e., a letter), Plaintiff is mistaken. Rule 33(b) of the Federal Rules of Civil Procedure and this Court's Local Rule Cv 33(b) prescribe the form which a party's response to interrogatories must take. See Fed. R. Civ. P. 33(b);[4] Local Rule Cv 33(b).[5] Plaintiff in her response to the Interrogatories must recite the interrogatory and then state her answer and/or objection to the interrogatory. See Local Rule Cv 33(b). Plaintiff does not appear to be unfamiliar with this format as it is not unlike that which Plaintiff used in her response to the Request for Production. See Motion, Ex. D at 2 ("Plaintiff's Objections to Defendant's First Request for Production of Documents").

It is true that Plaintiff is proceeding pro se and that a pro se litigant's pleadings are read with an extra degree of

---

[4] Rule 33(b) of the Federal Rules of Civil Procedure provides in relevant part:

> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
> (2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

Fed. R. Civ. P. 33.

[5] District of Rhode Island Local Rule Cv 33 states in relevant part:

> LR Cv 33 INTERROGATORIES
>
> (b) Form of Response. An answer or objection to an interrogatory shall recite the interrogatory and state the answer and/or ground(s) for objecting.

Local Rule Cv 33.

solicitude. See Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991); see also Raineri v. United States, 233 F.3d 96, 97 (1st Cir. 2000)(noting that "federal courts historically have been solicitous of the rights of pro se litigants"). Nevertheless, Plaintiff's pro se status does not absolve her from compliance with either the Federal Rules of Civil Procedure or a district court's procedural rules. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000)(stating this); see also Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 24 n.4 (1st Cir. 2000)("we do not mean to intimate that pro se parties are excused from compliance with procedural rules (they are not, see Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994))"); cf. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002)("Failure to follow a district court's local rule is a proper ground for dismissal.").

Plaintiff is also mistaken in her belief that she may refuse to answer Defendant's interrogatories on the ground that she has previously provided the information requested in a prior lawsuit. Plaintiff has brought this action, and Defendant is entitled to have its Interrogatories answered in this action. See Fed. R. Civ. P. 33(c) ("Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1),[6] and the answers may

---

[6] Fed. R. Civ. P. 26(b)(1) provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

be used to the extent permitted by the rules of evidence."); see also New Colt Holding Corp. v. RJG Holdings of Fla., Inc., Civ. No. 3:02cv173 (PCD), 2003 U.S. Dist. LEXIS 18039, at *6, n.2 (D. Conn. June 16, 2003)("A party may not simply point to prior production and refuse to answer a discovery request absent some showing that identified prior production identifies the responsive information."[7]). After reviewing the Interrogatories, the Court is unpersuaded that it is unduly burdensome to require that Plaintiff restate (or identify with particularity, as shown in n.7 below) information which she may have given in a prior action (or properly identify, as shown in n.7 below where Defendant can locate it). Again, it is Plaintiff who has brought this action, and Plaintiff has an obligation to provide responsive information in this action.

Plaintiff in her Response appears to indicate that she will

---

[7] Thus, Plaintiff may not refer Defendant to her responses and/or deposition testimony in a prior action unless she fully and completely identifies:

1) the prior case (by name, case number, and court where filed);
2) the title of the document or the date of the deposition which contains the information sought by the interrogatory; and
3) where precisely in the document the information can be found.

For example, if Plaintiff contends that the information requested by Interrogatory No. 1 in the instant action can be found in her answer to an interrogatory (or deposition question) in a prior action, Plaintiff may answer Interrogatory No. 1 in a manner similar to that shown below:

**Answer to Interrogatory No. 1.**
See: 1) Lynore Horn v. Southern Union Co., C.A. 04-434 S, U.S. District Court, Providence, RI;

2) Plaintiff's Answers to Defendant Southern Union Company's First Set of Interrogatories to Plaintiff [or Deposition of Lynore Horn taken on (insert date)];

3) Answer to Interrogatory No. ____ [or Deposition testimony at page(s) ____].

only answer Request for Production Nos. 8, 9, 20 and 21.[8] See Response at 2. The Court has reviewed the objections which Plaintiff has stated to the Request for Production, see Motion, Ex. D at 2, and finds that most are plainly without merit. Therefore, Plaintiff's objections to the Request for Production are overruled except as to objections to:

1) Request Nos. 6 and 7 to the extent such objections are based upon a claim of attorney-client privilege;[9]

2) Request No. 8 to the extent that request seeks documents concerning "passive income;" and

3) Request No. 11 to the extent that Plaintiff identifies with particularity, see n.7, where the responsive documents can be located.

Except as indicated above, Plaintiff must provide a response for each of the separate requests contained in the Request for Production.

As for Plaintiff's contention that Defendant has provided "[b]lanket responses," Response at 2, to her discovery requests, if Plaintiff believes Defendant's responses are improper or

---

[8] Plaintiff's words as they appear in the Response (unmodified by the Court) are: "I will answer.Interrogatories 3d - 4 and 8 and 13 and in production of documents : No 8and 9 -20 and 21." Response at 2.

[9] If Plaintiff withholds any documents on grounds of attorney-client privilege, she must submit a privilege log as required by Rule 26(b)(5)(A):

> **Information Withheld.** When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A).

otherwise deficient, she may bring this to Defendant's attention. If the matter cannot be resolved, Plaintiff may file a motion to strike Defendant's objections and/or compel more responsive answers.

With regard to Plaintiff's request for additional time to respond, the Court notes that it has already been more than seventy days since the Discovery Requests were first served upon Plaintiff, which is well beyond the thirty day time period contemplated by the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 33(b)(3). However, in deference to Plaintiff's pro se status and her claim that she is "under medication," Response, Ex. B, the Court will grant Plaintiff's request for additional time. Accordingly, the Court will give Plaintiff until September 17, 2007, to respond to the Discovery Requests.

**Conclusion**

Accordingly, the Motion is GRANTED. **Plaintiff is ordered to answer the Interrogatories and Request for Production by September 17, 2007.** Plaintiff's answers to Interrogatories shall be in the format required by Rule 33(b) and Local Rule Cv 33(b). Plaintiff may not refer Defendant to her answers to interrogatories or to her responses to requests for production in a prior case unless she provides the particularity described in footnote 7 of this Memorandum and Order.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 15, 2007