UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff, | : | |
| v. | : | C.A. No. 07-142-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANT'S MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT SOUTHERN UNION COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 37, Defendant Southern Union Co. ("Defendant") hereby requests that this Court order Plaintiff Lynore Horn ("Plaintiff") to provide further answers to Defendant Southern Union Company's First Set of Interrogatories to Plaintiff, a copy of which is attached hereto as Exhibit A.

Plaintiff's responses to Defendant's interrogatories were due on July 2, 2007. Plaintiff failed to respond adequately to Defendant's discovery requests. Thus, on August 1, 2007, Defendants filed a motion to compel. On August 15, 2007, this Court ordered Plaintiff to provide responses to Defendant's interrogatories and document requests by September 17, 2007. (See Memorandum and Order Granting Motion to Compel, dated August 15, 2007 (the "Order"), attached hereto as Ex. B.) On August 22, 2007, and September 14, 2007, Plaintiff provided incomplete and inadequate answers to Defendant's interrogatories.

First, Plaintiff may not interpose new objections to any of Defendant's interrogatories at this late date. Plaintiff's answers and objections to Defendant's interrogatories were initially due on July 2, 2007. In the course of correspondence with Plaintiff, Defendant agreed to extend this deadline to August 6, 2007. Plaintiff did not interpose objections to interrogatories prior to that

date. The only objections set forth by Plaintiff were addressed and overruled by this Court.[1] (Order at 3-6.) The Court ordered, "Plaintiff shall have until September 17, 2007 to respond to discovery requests." (Id. at 8.) The Court did not grant Plaintiff additional time to object; rather, it addressed her objections, determined they were without merit, and ordered her to answer interrogatories. (See id.) On September 14, 2007, however, Plaintiff set forth entirely new objections to Defendant's interrogatories – objections she had never before asserted. (See Plaintiff's Answers to Defendantss" First Set of Interrogatories, attached hereto as Ex. C.) Pursuant to Fed. R. Civ. P. 33(b)(4), Plaintiff cannot now assert entirely new objections to Defendant's interrogatories, as the time for objections has passed, and those not asserted have been waived.

Next, Plaintiff must provide a privilege log indicating any documents she is withholding based on her assertion of the attorney/client privilege. Indeed, this Court ordered that "[i]f Plaintiff withholds any document on the basis of attorney-client privilege, she must submit a privilege log as required by Rule 26(b)(5)(A)." (Order at 7, n.9.) The log must include a sufficient description of the information to permit Defendant to assess the applicability of the privilege or protection claimed. See Fed. R. Civ. P. 26(b)(5)(A).

Finally, Plaintiff's responses to many of Defendant's interrogatories are inadequate and/or improper. Moreover, assuming the Court will consider Plaintiff's newly asserted objections – which, for the reasons noted above, it should not – her objections lack merit. The following is a summary of each such deficient answer and/or objection and a brief statement of the reasons the Court should grant the instant motion to compel further answers:

---

[1] In the Order, the Court addressed Plaintiff's objection that Defendant must accept her answers to interrogatories in the format she chose by noting that she is required to follow Rule 33(b) of the Federal Rules of Civil Procedure and Local Rule Cv 33(b) when answering interrogatories. (Order at 4.) The Court overruled Plaintiff's objection that Defendant's interrogatories were unduly burdensome because she had provided answers to interrogatories in a previous lawsuit. (Id. at 5-6.)

**<u>INTERROGATORY NO. 4</u>**: Identify all sources of income since your last day of employment with Defendant, including, but not limited to, wages, disability payments, Social Security payments, proceeds from insurance policies, workers' compensation benefits, unemployment compensation benefits, monetary gifts, proceeds from any personal injury claim, award or settlement, proceeds from any employment-related claim, award or settlement, and state the amount received from each source in each year since your separation from Defendant.

**<u>PLAINTIFF'S ANSWER</u>:**

In Documents: Showed wages: TIM: Unemployment -Money taken out of 40IK

Other than that: Sold cars Saab $4,500 in 2007 and corvette sold this week: (Have not received money -- yet not finalized) $8000.... Money from my mother on occasion as a gift.

**LEGAL ARGUMENT:** Plaintiff has failed to provide an adequate answer to this interrogatory. The Plaintiff does not list some sources of income that are indicated in the documents she produced in response to Defendant's request for production of documents. For example, in response to Defendant's document requests, Plaintiff produced two summaries of income she presumably received from a part-time job but she fails to list income from that source or refer to those documents in her answers to interrogatories. Plaintiff's reference to "[d]ocuments" is an insufficient indication of where to find the responsive information. In addition, the documents submitted in response to Defendant's request for production of documents suggest that Plaintiff received unemployment insurance and temporary disability insurance benefits, but fail to show the amounts, if any, Plaintiff actually received from these sources. Lastly, Plaintiff does not state the amount received from each source of income in each year since her employment with Defendant.

**<u>INTERROGATORY NO. 5:</u>** Identify by name, address, telephone number, and employer, all persons who you believe or know to have any knowledge regarding any of the matters at issue in this case, and describe in <u>complete detail</u> the nature and substance of the knowledge you believe or know each to possess.

**<u>PLAINTIFF'S ANSWER</u>**:

Response: Plaintiff objects to this request because it calls for information protected by attorney - client and work - product privileges: Listing only people from the gas company; any one I spoke to as A Pro -Se is privileged;

The people listed in Interrogatory #3 in case 04-434S - have knowledge of my firing And why. Copy attached;

In addition;

Paula Cabral: on all paperwork and emails with D'anna Soehnge
Joanne Zito: on e-mails and talked to prior t o getting fired
Lisa haines - from southern union- dell with cobra
Mary Paquet - many calls and letters: before being fired:

**LEGAL ARGUMENT:** Plaintiff's answer is inadequate and incomplete. Pursuant to Rule 26(b)(1), Defendant may obtain discovery regarding "the identity and location of persons having knowledge of any discoverable matter." Plaintiff has failed to provide, by name, address, telephone number, and employer, the requested information. The "[c]opy attached" that Plaintiff includes is a copy of Defendant's supplemental response to discovery requests produced to Plaintiff in the case captioned <u>Horn v. Southern Union Company</u>, C.A. No. 04-454S (<u>Horn I</u>), a case involving separate and discrete claims from the instant matter – albeit arising from the same employment relationship.

Plaintiff's objections have no merit and suggest that she is withholding information about individuals who have knowledge of the facts at issue in this litigation. First, as previously noted, Plaintiff has waived any and all objections to this interrogatory. Moreover, Plaintiff has provided no evidence, whatsoever, that the information requested is subject to protection based on the attorney/client privilege or work-product doctrine. Indeed, the party invoking the

attorney/client privilege or work-product protection bears the burden of providing evidence that the privilege or protection applies. Ordner v. K-H Corp., C.A. No. 97-01ML, 1999 U.S. Dist. LEXIS 20887, at *8 (D.R.I. March 12, 1999); United States. v. Saccoccia, 898 F. Supp. 53, 58 (D.R.I. 1995).

The identity of any individual with knowledge of the facts at issue in this litigation is neither protected by the attorney/client privilege, nor exempt from disclosure based on the work-product doctrine. The purpose of the attorney-client privilege is to encourage complete disclosure of information between counsel and client. Upjohn Co. v. United States, 449 U.S. 383, 390-91 (1981) (emphasis added). Naturally, one of the essential elements of the privilege is that "the person to whom the communication was made … is [a] member of a bar of a court." Ordner, 1999 U.S. Dist. LEXIS at *8. Moreover, the attorney/client privilege does not protect pro se litigants' communications with non-lawyers. Moorehead v. Lane, 125 F.R.D. 680, 687 (C.D. Ill. 1989) (communications among pro se plaintiffs not protected). Thus, Plaintiff cannot claim that her own knowledge of the identity of individuals who have information about the facts at issue in this litigation constitutes a privileged communication with her attorney. Furthermore, although attorney work product produced in anticipation of litigation may under some circumstances be exempt from discovery, see id. at *6-8, the mere identity of individuals with knowledge of the facts at issue in this litigation is not attorney work product. See Robbins v. Chase Manhattan Bank, No. 97 Civ. 0676(DAB), 1998 WL 106152, *1 (S.D.N.Y. March 9, 1998). As such, Plaintiff must provide a complete response to this interrogatory.

**INTERROGATORY NO. 6:** Identify all health care providers, physicians, psychiatrists, psychologists, therapists, specialists or counselors and all personal or family counselors you have consulted and/or from whom you have received counseling, examination or treatment, since January 1, 2002, in connection with emotional distress, mental anguish, embarrassment, or humiliation you allege has been caused by Defendants' conduct. Include:

(a) The names and business addresses of each provider;

(b) The impairment, disability, condition, problem, injury, or emotional distress for which you were counseled, examined or treated;
(c) The approximate date(s) of each counseling, examination or treatment.

**PLAINTIFF'S ANSWER:**

Attached Interrogatory #4 answers from 04-4345

And the Dr's listed in Interrogatory #5; from the case 04 -434S also attached

**LEGAL ARGUMENT:** Plaintiff's answer to this interrogatory is incomplete because she simply refers Defendant to answers provided in Horn I; a case that involves completely separate and discrete claims from those set forth in the instant matter. Plaintiff has a duty to provide the most current and up-to-date answer regarding her health care providers as that information relates to the claims at issue in the instant case. As such, Plaintiff must be required to confirm that the information provided continues to be responsive and accurate and, if not, Plaintiff must update the information to include any and all current health care providers with whom she has treated in connection with the instant case.

**INTERROGATORY NO. 9**: Identify the name, address, and telephone number of any and all individuals from whom either you, your attorney, or someone acting on your behalf or your attorney's behalf has taken any statement, oral or written, sworn or unsworn, relating to any of the matters at issue in this case.

**PLAINTIFF'S ANSWER**:

The Plaintiff objects because it calls for information protected by the attorney- client and work product

**LEGAL ARGUMENT:** As previously discussed, Plaintiff has waived her objections to this interrogatory. In addition, the identity of any individuals from whom Plaintiff and/or any person acting on her behalf has taken statements in this case is neither protected by the attorney/client privilege, nor exempt from disclosure based on the work-product doctrine.

Plaintiff bears the burden of proving to the Court that the information she withholds is privileged or protected. Ordner, 1999 U.S. Dist. LEXIS at *8; Saccoccia, 898 F. Supp. at 58.

Only information communicated between attorney and client enjoys protection from discovery based on the attorney/client privilege. See Upjohn Co., 449 U.S. at 390-91; Ordner, 1999 U.S. Dist. LEXIS at *8. As previously noted, the attorney/client privilege does not protect pro se litigants' communications with non-lawyers from discovery. See Moorehead, 125 F.R.D. at 687. Thus, Plaintiff cannot claim that her own knowledge of the identity of individuals who have information about the facts at issue in this litigation constitutes a privileged communication with her attorney. Furthermore, the mere identity of individuals from whom statements have been taken is not attorney work product. See Robbins, 1998 WL 106152 at *1. As such, Plaintiff must provide a complete response to this interrogatory.

**INTERROGATORY NO. 10**: Identify all legal proceedings in which you have provided a sworn statement or given a deposition or testimony under oath (as a party or a witness), noting whether you were a plaintiff or defendant or witness, the nature of the action, and the date and forum in which such action was filed.

**PLAINTIFF'S ANSWER**:

Attached Interrogatory # 9; Objection the same: and answer the same

**ATTACHED INTERROGATORY # 9 ANSWER:**

**OBJECTION:**

Plaintiff objects to this interrogatory because it is overly broad in time and is irrelevant.

**ANSWER:**

I believe I was deposed in the civil case. I do not remember if I gave testimony as part of the criminal case.

**LEGAL ARGUMENT**: The information requested in this interrogatory is relevant and reasonably calculated to lead to the discovery of admissible evidence in that it may tend to show previous suits Plaintiff has filed against other employers. Furthermore, if Plaintiff has previously

testified about the facts at issue in this litigation, any such testimony is relevant to determine the veracity of her allegations in the instant case.

Plaintiff has waived any and all objections to this interrogatory by failing to timely assert such objections. Furthermore, the interrogatory is neither "overly broad in time," nor "irrelevant," as any previous suits or testimony requested would be equally pertinent to this inquiry. Lastly, the answer Plaintiff provides is incomplete, inasmuch as she does not indicate the "civil case" or the "criminal case" to which she refers.

**Conclusion**

For the foregoing reasons, Defendant requests that this Court order Plaintiff to provide further answers to Defendant's interrogatories within ten (10) days of the date of the hearing on, or determination of, this motion. Defendant also requests that this Court order Plaintiff to provide a privilege log indicating what, if any, information she is withholding and an adequate description of the information, along with the corresponding privilege asserted.

Respectfully submitted,

DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

DATED: October 12, 2007

RULE 37(a) CERTIFICATION

The undersigned hereby certifies that he attempted to, in good faith, confer with Plaintiff via letter dated October 2, 2007, in an attempt to secure disclosure of the requested discovery without court action.

/s/Jillian S. Folger-Hartwell________________

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via certified mail, return receipt requested and regular mail, a true and accurate copy of the within motion to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 12th day of October 2007.

/s/ Neal J. McNamara________________