# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE HORN,
Plaintiff,

v. : C.A. No. 07-142 S

SOUTHERN UNION COMPANY,
NEW ENGLAND GAS COMPANY
Defendants.

**DEFENDANT SOUTHERN UNION COMPANY'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Southern Union Company hereby propounds its First Set of Interrogatories to Plaintiff to be answered under oath within thirty (30) days from the date of service. These interrogatories are continuing and require supplemental responses to the full extent required by the Federal Rules of Civil Procedure.

INSTRUCTIONS AND DEFINITIONS

For purposes of these Interrogatories, the following definitions shall apply:

1. "Plaintiff," "You" or "Your" shall mean the plaintiff in this action, Lynore Horn, or anyone acting on her behalf or for her benefit at any time.

2. "Defendants" means the named defendants in this case, Southern Union Co. and/or New England Gas Co., individually and/or collectively, and/or any present or former officers, directors, employees and agents thereof.

3. The "Complaint" shall refer to the complaint filed by Plaintiff in Rhode Island Superior Court for Providence County, which was subsequently removed to the United States District Court for the District of Rhode Island and is now pending as the above-captioned case, and any and all allegations in that complaint.

4. "Identify" and "Identity" when used with regard to a person, means that Plaintiff should state the name, residential address, residential telephone number, business address, business telephone number, and occupation of the person. When "identify" is used with regard to a document, please state the type of document, its date, author, address, title and the name and address of the custodian of the document as well as its present location. When "identify" is used with regard to a conversation or communication, please state the date of the conversation or communication, the persons conversing or communicating, the location of the conversation or communication and the substance of the conversation or communication.

5. The term "Document" is intended to have the broadest possible meaning and shall mean and include correspondence, letters, memoranda, handwritten notes, messages, telegrams, diaries, calendars, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other document or writing of whatever description including, but not limited to, any information contained in any computer, although not yet printed out. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

6. If you claim privilege with respect to any document or communication and decline to disclose any such communication or produce any such document on the basis of such privilege, your response should (a) identify each such communication or withheld document, (b) state the precise nature of each privilege claimed, and (c) state the basis, in detail, of each such claim of privilege.

## INTERROGATORIES

**Interrogatory No. 1**

State all addresses where you have resided over the past 10 years, the dates you resided at each address, with whom you resided at each address, your social security number, your date of birth, and, if you are or have ever been married, the names of your spouse or former spouse.

**Interrogatory No. 2**

List the names, addresses and telephone numbers of all employers (including self-employment) for whom you have worked in the past 10 years, and for each employer, identify:

(a) Position(s) held;
(b) The duties of the position(s);
(c) The person(s) you reported to;
(d) Dates of employment; and
(e) Your reason for leaving. If you were involuntarily terminated (i.e., discharged, laid off, constructive discharge), describe in complete detail the circumstances surrounding your separation.

**Interrogatory No. 3**

Please state the disability or disabilities that underlie your allegations of disability discrimination, and for each alleged disability please describe:

(a) when and by whom such alleged disability was diagnosed;
(b) any symptomatology associated with such alleged disability;
(c) what medications, treatments, therapies, and/or other remedial courses of actions, if any, are employed in connection with the alleged disability; and
(d) how the alleged disability affects your daily life, if at all.

**Interrogatory No. 4**

Identify all sources of income since your last day of employment with Defendant, including, but not limited to, wages, disability payments, Social Security payments, proceeds from insurance policies, workers' compensation benefits, unemployment compensation benefits,

monetary gifts, proceeds from any personal injury claim, award or settlement, proceeds from any employment-related claim, award or settlement, and state the amount received from each source in each year since your separation from Defendant.

**Interrogatory No. 5**

Identify by name, address, telephone number, and employer, all persons who youbelieve or know to have any knowledge regarding any of the matters at issue in this case, and describe in complete detail the nature and substance of the knowledge you believe or know each to possess.

**Interrogatory No. 6**

Identify all health care providers, physicians, psychiatrists, psychologists, therapists, specialists or counselors and all personal or family counselors you have consulted and/or from whom you have received counseling, examination or treatment, since January 1, 2002, in connection with emotional distress, mental anguish, embarrassment, or humiliation you allege has been caused by Defendants' conduct. Include:

(a) The names and business addresses of each provider;
(b) The impairment, disability, condition, problem, injury, or emotional distress for which you were counseled, examined or treated;
(c) The approximate date(s) of each counseling, examination or treatment.

**Interrogatory No. 7**

For the period from January 1, 2002 to the present, identify all health care providers, physicians, psychiatrists, psychologists, therapists, specialists or counselors and all personal or family counselors you have consulted and/or from whom you have received counseling, examination, testing, or treatment for any physical or mental injury or condition. Include:

(a) The names and business addresses of each provider;
(b) The impairment, disability, condition, problem, or injury examined or treated;
(c) The approximate date(s) of each examination or treatment.

**Interrogatory No. 8**

With respect to your claims for damages:

(a) Identify with specificity each type or kind of damage (including any type of "emotional" damage) or relief you seek;
(b) For each type or kind of damage or relief sought, state the date and time period of such loss;
(c) For each type or kind of damage or relief identified, state the exact amount of monetary compensation or other relief sought;
(d) For each amount of monetary compensation sought, state the method by which such damage or relief was calculated with sufficient specificity so that Defendants

are apprised of the methodology used and are able to determine the accuracy of the computation;

(e) State each and every fact, whether actual or assumed, upon which such claim or calculation is based;

(f) Identify each person having knowledge of the facts upon which such claim for damage is based and, for each person identified, state the basis of his or her knowledge;

(g) Identify each and every document which describes, reflects, supports or relates to the damages or relief you seek, or which forms the basis of, or which are relied upon in the calculation of your alleged damages or relief sought.

**Interrogatory No. 9**

Identify the name, address, and telephone number of any and all individuals from whom either you, your attorney, or someone acting on your behalf or your attorney's behalf has taken any statement, oral or written, sworn or unsworn, relating to any of the matters at issue in this case.

**Interrogatory No. 10**

Identify all legal proceedings in which you have provided a sworn statement or given a deposition or testimony under oath (as a party or a witness), noting whether you were a plaintiff or defendant or witness, the nature of the action, and the date and forum in which such action was filed.

**Interrogatory No. 11**

With respect to any period of unemployment following the termination of your employment relationship with Defendant, identify the dates of each period and describe in detail with respect to each period all your efforts to obtain employment and/or to earn compensation, earnings or income of any type, and identify each employer, person or entity with which you sought employment, state their name and address, the date of your contact(s) or application, the name and title of the person(s) with whom you communicated regarding the position, the position sought, whether you were offered the position, and whether you went to work for the employer.

**Interrogatory No. 12**

If you have ever been convicted of (or plead guilty or no contest to) a crime other than a minor traffic offense, state as to each conviction or plea of guilty or no contest the specific crime and the date and place of each conviction or plea.

**Interrogatory No. 13**

Identify each person whom you expect to call as an expert witness at trial, and with respect to each expert identified, state the subject matter on which the expert is expected to

testify, state the substance of the facts and opinions to which the expert is expected to testify, state a summary of the grounds for each opinion, and state the education, business, professional or other experience, as well as any other facts that will be offered at trial to prove the qualifications of each expert.

**Interrogatory No. 14**

Identify all documents upon which you rely in support of any allegation you have made or intend to make against Defendants in connection with the Complaint.

SOUTHERN UNION CO.

By its Attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: May 31, 2007

CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was sent via certified mail, return receipt requested, this 31st day of May, 2007 to:

Lynore Horn
88 Alger Avenue
East Greenwich, RI 02821