# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN,<br>Plaintiff, | : | |
| v. | : | C.A. No. 07-142 S |
| SOUTHERN UNION COMPANY,<br>NEW ENGLAND GAS COMPANY<br>Defendants. | : | |

**DEFENDANT SOUTHERN UNION COMPANY'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Southern Union Company hereby requests that Plaintiff produce the documents and things described below. The documents and material items requested herein shall be produced at the offices of Nixon Peabody LLP, One Citizens Plaza, Providence, Rhode Island, 02903, within thirty (30) days from the date of service of this request. This request is continuing and requires supplemental responses and production to the full extent required by the Federal Rules of Civil Procedure.

**DEFINITIONS**

The Requests which follow are to be read, interpreted and answered with reference to the following definitions and instructions:

1. The terms "YOU" and "YOUR" shall mean the Plaintiff in this action, Lynore Horn, and any of her agents, representatives, attorneys, or any other person representing or purporting to represent Plaintiff in any capacity, and at any time.

2. The term "DEFENDANTS" means the named defendants in this case, Southern Union Co. and/or New England Gas Co., individually and/or collectively, and/or any present or former officers, directors, employees and agents thereof.

3. The term "DOCUMENT" is intended to have the broadest possible meaning, and shall mean and include correspondence, letters, memoranda, handwritten notes, messages, telegrams, diaries, calendars, videotapes, tape recordings, photographs, reports, notations, drafts, studies, analyses, summaries, magazines, booklets, circulars, bulletins, instructions, minutes, purchase orders, bills, checks, tabulations, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, tapes, correspondence, records of purchase or sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, e-mail messages, computer tapes, discs or documents, electronic or other transcriptions or taping of telephone or personal conversations or conferences, and any other written, printed, typed, punched, taped, filed or graphic material, however produced or reproduced. Responsive documents should be produced with all attachments and enclosures. A draft or non-identical copy is a separate document within the meaning of this term.

4. When referring to a person, the term "TO IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5. When referring to documents, the term "TO IDENTIFY" means to give, to the extent known, the

(a) Type of document;

(b) General subject matter;

(c) Date of the document; and

(d) Author(s), addressee(s), and recipient(s).

6. The terms "PLAINTIFF" and "DEFENDANTS" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, agents, partners, corporate parent, subsidiaries, or affiliates.

7. The terms "PERSON" or "PERSONS" shall refer not only to natural persons, but also, without limitation, firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments or other units thereof and/or any other type of business, legal, or governmental entity or association.

8. The term "CONCERNING" means referring to, related to, describing, evidencing, or constituting.

9. The terms "AND" or "OR" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1. Unless otherwise specified, the period covered by this Request is from January 1, 2002 to the present.

2. If any information, communication, or document responsive to any one of the following requests, or any portion thereof, is withheld on the basis of any claim of privilege, identify such information, communication, or document by stating its date; author(s); addressee(s) and copy(s); title; substance or subject matter; type (e.g., memorandum, letter or report, etc.); any attachments to the document; all persons who have had access to or have knowledge of such information, communication, or document; and the basis for the contention

that such information, communication, or document is privileged or otherwise not subject to discovery.

3. If any document responsive to any of the following requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; author(s), addressee(s) and copy(s); title; substance or subject matter; type (e.g., memorandum, letter or report, etc.); any attachments to the document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the document; the date of the destruction or other disposition of the document; the manner and reason for its destruction or other disposition; and the identity of the person(s) authorizing such destruction or other disposition.

4. All documents are to be produced as they are kept in the usual course of business, as provided by the Federal Rules of Civil Procedure, with any identifying labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the appropriate document request herein. If there are no documents responsive to a particular request, please state so in the written response to that request.

## DOCUMENTS TO BE PRODUCED

1. All documents which in any way refer or relate to your allegations and claims in this case, including, but not limited to, correspondence, e-mails, memoranda, your calendar, appointment book, personal diary, notes, or any similar written or recorded logs.

2. All documents containing, referring or relating to statements you have made about the facts or subject matter of this case.

3. All documents that evidence, refer or relate to any statements made by any person, at any time, which relate to any of the allegations, and/or claims for damages or injuries, made by Plaintiff in this action.

4. All documents obtained by you from Defendants or from any of their employees, agents or representatives, whether such documents were given to you or were taken by you, including but not limited to:

(a) Any records pertaining to your employment with Defendants;

(b) Any record of warnings, counseling, disciplinary action or other admonishment by Defendants directed to you;
(c) Any notes and/or correspondence and/or memos relating to your employment with Defendants;
(d) Any booklets, correspondence, memos, or other documents relating to employee benefits, pay, pay increases or decreases, or bonuses;
(e) Any documents relating to promotions and demotions, including applications made for promotions.

5. All documents reflecting, referencing or otherwise evidencing any alleged harassment, discrimination, or retaliation by Defendants or any of their agents or employees.

6. All documents constituting or concerning communications between you or your attorney and the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commissions.

7. All documents that relate, refer to, or comprise communications between you or your attorney and any present or former employee of Defendants relating to your employment with Defendants.

8. All documents concerning earned or passive income you have received from any source since your employment ended with Defendants, including but not limited to check stubs, payroll records, unemployment compensation records, workers compensation records, disability payment records, and W-2 and 1099 forms.

9. All state and federal income tax return including any schedules or attachments filed by you or on your behalf for the years 2002 to present.

10. To the extent not encompassed by the foregoing requests; all documents reflecting, referencing, otherwise evidencing, or upon which you intend to rely to show the nature and extent of any lost wages incurred by you as a result of the allegations in the Complaint.

11. All physical and mental health records dating since January 1, 2002, including but not limited to records, notes, memoranda, correspondence, tests, reports, and prescriptions, relating to counseling, diagnosis, testing, or treatment provided to you for any physical, mental, psychiatric, psychological, or emotional injury or condition by any physical or mental health care provider, as well as any financial records, bills, invoices or other memoranda related thereto.

12. All documents evidencing, commenting upon, or referring to any incidents from January 1, 2002 to the present, whether or not involving the conduct of the Defendants, which have caused you to suffer emotional or psychological distress or injury.

13. All documents concerning any attempt on your part to secure employment during or following your employment with Defendant, including but not limited to, cover letters and resumes sent to prospective employers, and responses thereto, and offers of employment received by you and responses thereto.

14. All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 5 of the Complaint.

15. All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 6 of the Complaint.

16. All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 7 of the Complaint

17. All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 8 of the Complaint.

18. All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 9 of the Complaint.

19. All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 10 of the Complaint.

20. All documents or tangible items or exhibits that you intend to offer at trial.

21. All documents identified in, or relied upon in preparing, your Responses to Defendant Southern Union Company's First Set of Interrogatories to Plaintiff.

SOUTHERN UNION CO.

By its Attorneys,

NIXON PEABODY LLP

Neal J. McNamara (#4249)
Matthew J. Frankel (#7293)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel. (401) 454-1000
Fax. (401) 454-1030
nmcnamara@nixonpeabody.com
mfrankel@nixonpeabody.com

Dated: May 31, 2007

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was sent via certified mail, return receipt requested, this 31st day of May, 2007 to:

Lynore Horn
88 Alger Avenue
East Greenwich, RI 02821