UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE HORN
Plaintiff

V

C.A.No.07-142S

SOUTHERN UNION GAS CO
& NEW ENGLAND GAS CO
Defendants

**PLAINTIFF"S RESPONSE TO DEFENDANTS MOTION TO COMPEL FURTHER ANSWERS**

After the Plaintiff was ordered by Magistrate Judge David Martin that by September 17, 2007 Interrogatories and documents specified by the Judge were to be answered. The court required the plaintiff to restate (or identify with particularity Information which she may have given in a another case action 04-434S on this Court- still to this day.

The document by the court Said "Therefore, Plaintiff's objections to the request for Production are overruled except as to:

1) Request No 6 and 7 to the extent such objections are based upon a claim of Attorney-client privilege "
2) .Request No 8 to the extent that request seeks passive income
3) Request No 11 to the extent the Plaintiff identifies with particularity where the responsive documents can be located.

Before September 17, 2007 the defendants received the Interrogatories: with answers Attached: Questions that were the same as the other lawsuit - The pro se took a copy (Stated as attached) and put the copies at the end of the Interrogatories; all documents: were divided by file separators with: the document number and the original question by

Defendants attached to each folder;

From my understanding I have to produce documents in my possession and If I am the only one who is able to obtain them: I am to make every attempt: I sent what I had: what tax records that I have; What TDI Paperwork I have.

The Defendant in Interrogatories stated that" The plaintiff had newly asserted Objections: As you will see in the document attached: The plaintiff Pro se did not object to any Interrogatories unless it was Attorney – client privilege: Attorney McNamara claims I am not a lawyer so as a pro se I do not have Attorney client Privilege: I disagree Many times I have been told that if Attorney McNamara was in the Room then I could not have knowledge of the conversation. (Even if he was not speaking: Just in the room)

Every conversation I had was in an attorney's office: or with an attorney: or some Attorney was present; so I feel any conversation with an attorney present is protected by Attorney- client privilege. I am not an attorney but I did keep a log: I'm sure it's not the quality, professionalism of a real lawyer; but I did try to keep a log.

The only mistake and it was just an error was to leave out the part time job I had at Chart wells out of Interrogatory No 4 but the information was put into documents: As stated by attorney McNamara that documents were given on the job: along with paperwork from TDI and unemployment: with all the amounts on the documents.

The Defendants complaint In Interrogatory No5 That I did not state the person's location : Address: telephone number and employer : Is again information I do not know I have no idea who still works at the gas company: were they live and most people have

unlisted Numbers. I gave the information I had. Again the attorney accuses me of With holding information. This from an attorney who spoke about my case three times to my attorney long after she left. This from an attorney who told people what to say and how to answer at the depositions and shoved them if they said the truth. Really

Interrogatory #9 this answer was given by my previous lawyer: and there is no other information to give; It is funny that when Attorney McNamara "s Quote " His Friend "my previous lawyer -gave this as an answer he had no problem. But with me he does. There is no other info to give ;

Pro Se Plaintiff Lynore Horn

88 Alger Ave
East Greenwich RI 02821
401-234-1262

Dated : October 15, 2007

CERTIFICATION

The undersigned hereby certifies that a true copy of the with in document was sent Via certified mail return requested , this 15, day of October 2007 to ;

Nixon Peabody LLP : Attorney Neal McNamara
One Citizens Plaza, Suite 500
Providence ,RI 02903