UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff, | : | |
| v. | : | C.A. No. 07-142-S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO DEFENDANT SOUTHERN UNION COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Fed. R. Civ. P. 37, Defendant Southern Union Co. ("Defendant") hereby requests that this Court order Plaintiff Lynore Horn ("Plaintiff") to provide further responses to Defendant Southern Union Company's First Request for Production of Documents to Plaintiff, a copy of which is attached hereto as Exhibit A.

Plaintiff's responses to Defendant's first request for production of documents were due on July 2, 2007. Plaintiff failed to respond adequately to Defendant's discovery requests. Thus, on August 1, 2007, Defendant filed a motion to compel. On August 15, 2007, this Court ordered Plaintiff to provide responses to Defendant's interrogatories and document requests by September 17, 2007. (See Memorandum and Order Granting Motion to Compel, dated August 15, 2007 (the "Order"), attached hereto as Ex. B.) On August 22, 2007, and September 14, 2007, Plaintiff provided incomplete and inadequate responses to Defendant's document requests.

On September 14, 2007, Plaintiff served Defendant with Plaintiff's Objections to Defendants" First Request for Production of Documents (the "September Objections"), along with documents Plaintiff claimed were responsive to Defendant's document requests. (See

September Objections, attached hereto as Ex. C.) The September Objections should be overruled and/or disregarded for two reasons. First, the deadline for submission of objections has passed. Thus, Plaintiff has waived any objections she failed to assert in a timely manner. See Local Rule Cv 34(c) ("Any ground not stated in an objection shall be deemed waived."). Second, the September Objections were identical to those transmitted to Defendant on June 27, 2007 and ruled upon by this Court in the Order. (See Plaintiff"s Objections to Defendants" Request for Production of Documents, dated June 27, 2007, attached hereto as Ex. D.) In the Order, this Court held that:

> Plaintiff's objections to the Request for Production are overruled, except as to objections to:
>
> 1) Requests Nos. 6 and 7, to the extent such objections are based upon a claim of attorney-client privilege;
> 2) Request No. 8 to the extent that request seeks documents concerning "passive income;" and
> 3) Request No. 11 to the extent that Plaintiff identifies with particularity, see n.7, where the responsive documents can be located.

(Order at 7.) Because Plaintiff's newly asserted objections are untimely, and because this Court has already ruled on the very same objections in connection with the Order, Plaintiff's September Objections must be overruled and/or disregarded.

Next, Plaintiff must provide a privilege log indicating any documents she is withholding based on her assertion of the attorney/client privilege. Indeed, this Court ordered that "[i]f Plaintiff withholds any document on the basis of attorney-client privilege, she must submit a privilege log as required by Rule 26(b)(5)(A)." (Order at 7, n.9.) The log must include a sufficient description of the documents to permit Defendant to assess the applicability of the privilege or protection claimed. See Fed. R. Civ. P. 26(b)(5)(A).

In addition, Plaintiff's responses to many of Defendant's document requests are inadequate. If the Court does consider Plaintiff's most recently asserted objections – which, for the reasons noted above, it should not – such objections lack merit. The following is a summary of each deficient response and objection and a brief statement of the reasons the Court should grant the instant motion to compel further responses:

**REQUEST NO. 1**: All documents which in any way refer or relate to your allegations and claims in this case, including, but not limited to, correspondence, e-mails, memoranda, your calendar, appointment book, personal diary, notes or any similar written or recorded logs.

**OBJECTION**: Plaintiff 's Object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome , Not calculated to lead to the discovery of admissible evidence.

**LEGAL ARGUMENT**: Plaintiff's response is incomplete and/or inadequate. Plaintiff provided only three (3) pages from her calendar in response to this request. Even when viewing Plaintiff's production, in its entirely, it seems unlikely that Plaintiff has provided "[a]ll documents" in her possession that relate in any way to her allegations.

Moreover, Plaintiff's objections to this request have previously been overruled by this Court in the Order. This request is neither vague nor ambiguous, because it asks for documents concerning specific subject matter – the allegations and claims in this case. Likewise, the request is not overbroad or unduly burdensome. Plaintiff chose to proceed with this action, and, as such, she put the facts supporting her allegations at issue in her Complaint. She must be required to produce any and all non-privileged documents within her possession that relate to her claims.

Lastly, documents that relate to the allegations in Plaintiff's Complaint are likely to lead to the discovery of admissible evidence in this case due to the mere fact that such documents relate to the alleged incidents that gave rise to Plaintiff's claims of discrimination and retaliation.

**<u>REQUEST NO. 2</u>**: All documents containing, referring or relating to statements you have made about the facts or subject matter of this case.

**<u>OBJECTION</u>**: Plaintiffs object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome.

**LEGAL ARGUMENT**: Plaintiff's response is incomplete. Notwithstanding her objections, Plaintiff did provide a limited number of documents evidencing statements she has made about the subject matter of this case. Based on the limited number of documents produced, however, it is likely that Plaintiff is withholding responsive documents.

As previously noted, Plaintiff's objections to this request have been overruled by this Court. The request is not vague or ambiguous because it asks for documents concerning a specific subject matter – the facts at issue in this litigation. Moreover, the request is not overbroad. Plaintiff chose to put the facts and subject matter at issue in this case before the Court, therefore a request for documents evidencing Plaintiff's statements about the case are highly relevant. Lastly, Plaintiff has failed to show that responding to this request is unduly burdensome.

**<u>REQUEST NO. 3</u>**: All documents that evidence, refer or relate to any statements made by any person, at any time, which relate to any of the allegations, and/or claims for damages or injuries, made by Plaintiff in this action.

**<u>OBJECTION</u>**: Plaintiff objects to this request on the grounds that it is overly broad, Unduly burdensome, not calculated to lead to the discovery of admissible evidence- and constitutes an invasion of the privacy of third parties.

**LEGAL ARGUMENT**: Plaintiff's response is inadequate and incomplete. In response to this request, Plaintiff provided a few unresponsive documents showing the calculations of her sick time, her pay while she was employed by Defendant, and her retirement benefits for the time period at issue in this litigation. In light of her objections, however, it remains unclear whether

Plaintiff or any person acting on her behalf, took or received any statements from third persons regarding the facts at issue in this litigation.

Any such statements are relevant due to the nature of their subject matter, and thus are reasonably likely to lead to the discovery of admissible evidence. Moreover, this Court has already overruled Plaintiff's objections to this request. The request is not overly broad as it is confined to statements that relate to the allegations and claims in the Complaint. In addition, Plaintiff has failed to provide any evidence that producing the requested documents will constitute an undue burden. Lastly, Plaintiff's objection that the request "constitutes an invasion of the privacy of third parties" is an improper basis upon which to object to this discovery request. Plaintiff must inform Defendants whether she, in fact, possesses such documents and, if so, she must produce them.

**REQUEST NO. 4**: All documents obtained by you from Defendants or from any of their employees, agents or representatives, whether such documents were given to you or were taken by you, including but not limited to:

(a) Any records pertaining to your employment with Defendants;
(b) Any record of warnings, counseling, disciplinary action or other admonishment by Defendants directed to you;
(c) Any notes and/or correspondence and/or memos relating to your employment with Defendants;
(d) Any booklets, correspondence, memos, or other documents relating to employee benefits, pay, pay increases or decreases, or bonuses;
(e) Any documents relating to promotions and demotions, including applications made for promotions.

**OBJECTION**: The plaintiff object to this on the grounds, it is not calculated to lead to the discovery of admissible evidence, and constitutes an invasion of the privacy of third parties and unduly burdensome.

**LEGAL ARGUMENT**: Plaintiff's response is inadequate and incomplete. In response to this request, Plaintiff produced only a copy of the collective bargaining agreement entered into between New England Gas Company and the United Steel Workers of America, Local 12431-01

for the years 2002 – 2007. It is evident that Plaintiff is withholding documents given to her by Defendants in this case. For example, on or about March 7, 2006, Defendant produced documents to Plaintiff in connection with the case captioned Horn v. Southern Union Company, C.A. No. 04-454S (Horn I), currently pending before this Court. Potentially all of these documents are responsive and few have been produced. Thus, it is likely that Plaintiff has failed to produce other documents in her possession that are responsive to this request.

Moreover, this Court has already overruled Plaintiff's objection to this request. The request is not overly broad, as it is confined to statements that relate to Plaintiff's employment with Defendant. Plaintiff has failed to provide any evidence that producing the requested documents will constitute an undue burden. Lastly, Plaintiff's objection that the request "constitutes an invasion of the privacy of third parties" is an improper basis upon which to object to this discovery request. As such, Plaintiff must produce the responsive documents in her possession.

**REQUEST NO. 7**: All documents that relate, refer to, or comprise communications between you or your attorney and any present or former employee of Defendants relating to your employment with Defendants.

**OBJECTION:** Plaintiff objects to this request to the extent it seeks documents protected from disclosure by the work product doctrine and for Attorney-client privilege.

**LEGAL ARGUMENT**: Plaintiff's response is inadequate as she provided no documents in response to this request. In addition, Plaintiff's objections are improper. First, Plaintiff's objection to this request has previously been ruled upon by this Court. The Court overruled Plaintiff's claim that the documents were work-product protected and determined that Plaintiff may withhold only those documents protected by the attorney/client privilege.

Communications between Plaintiff, or any person acting on her behalf, and any present or former employees of Defendant are not attorney/client privileged communications because, by their very nature, such communications do not take place between attorney and client. The party invoking the attorney/client privilege bears the burden of providing evidence that the privilege applies. United States. v. Saccoccia, 898 F. Supp. 53, 58 (D.R.I. 1995). The purpose of the attorney-client privilege is to encourage complete disclosure of information between counsel and client. Upjohn Co. v. United States, C.A. No. 97-01ML, 449 U.S. 383, 390-91 (1981) (emphasis added). Naturally, one of the essential elements of the privilege is that "the person to whom the communication was made … is [a] member of a bar of a court." Ordner v. K-H Corp., 1999 U.S. Dist. LEXIS 20887, at *8 (D.R.I. March 12, 1999). Moreover, pro se litigants' communications with non-lawyers are not protected by the attorney/client privilege. See Moorehead v. Lane, 125 F.R.D. 680, 687 (C.D. Ill. 1989) (communications among pro se plaintiffs not protected). To date, Plaintiff has provided no privilege log as required by the Order and no evidence, whatsoever, that the documents she is withholding are subject to the attorney/client privilege.

Furthermore, the documents requested are not exempt from discovery under the work-product doctrine. As noted above, the Court has already overruled Plaintiff's objection that the documents are work-product, and thus exempt from disclosure. (See Order at 7 (Plaintiff's objections to document requests overruled).) Although attorney work product, produced in anticipation of litigation, may under some circumstances be exempt from discovery, see id. at *6-8, any documents produced by Plaintiff as a result of communications with Defendant's employees do not, by their very nature, fall within the definition of attorney work product. See Robbins v. Chase Manhattan Bank, No. 97 Civ. 0676(DAB), 1998 WL 106152, *1 (S.D.N.Y. March 9, 1998) (pro se litigants notes and diaries not protected work product). Plaintiff must

inform Defendant whether she, in fact, possesses the requested documents and, if so, she must produce them.

**REQUEST NO. 8**: All documents concerning earned or passive income you have received from any source since your employment ended with Defendants, including but not limited to check stubs, payroll records, unemployment compensation records, workers compensation records, disability payment records, and W-2 and 1099 forms.

**PLAINTIFF MADE NO OBJECTION TO THIS REQUEST.**

**LEGAL ARGUMENT:** Plaintiff's response is incomplete. Plaintiff provided some responsive documents, including correspondence from the Department of Labor and Training notifying her that she was entitled to receive unemployment insurance and temporary disability insurance benefits. Plaintiff, however, failed to provide any documentation showing the actual amount of income received from either of these sources. Because Plaintiff has a duty to mitigate her damages, these documents are highly relevant in determining the amount of her damages in this case, and thus reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 9**: All state and federal income tax return including any schedules or attachments filed by you or on your behalf for the years 2002 to present.

**PLAINTIFF MADE NO OBJECTION TO THIS REQUEST.**

**LEGAL ARGUMENT**: Plaintiff's response is inadequate and incomplete. Plaintiff failed to provide complete copies of her federal income tax returns for the years 2002 to the present. Plaintiff provided only summary sheets of her electronically filed federal income tax returns and a Form 1040 from 2002. Plaintiff also failed to provide any state income tax returns. These documents are reasonably likely to lead to the discovery of admissible evidence because Plaintiff has brought claims for damages including back pay and lost wages, and has a duty to mitigate any such damages. Thus, Defendant is entitled to determine if Plaintiff has had income in the years since Defendant terminated her employment, and the source of this income.

**REQUEST NO. 11:** All physical and mental health records dating since January 1, 2002, including but not limited to records, notes, memoranda, correspondence, tests, reports, and prescriptions, relating to counseling, diagnosis, testing, or treatment provided to you for any physical, mental, psychiatric, psychological, or emotional injury or condition by any physical or mental health care provider, as well as any financial records, bills, invoices or other memoranda related thereto.

**OBJECTION:** Plaintiff objects to this request on the grounds that it is unduly burdensome; All are documents in your possession from case # 04-434S- same lawyers - same law firm. Ridiculous to repeat. Also overbroad - vague - ambiguous.

**LEGAL ARGUMENT**: Plaintiff's response is inadequate. Plaintiff provided a limited number of responsive documents, but has not provided full copies of her medical records. This Court ordered that Plaintiff may respond to this interrogatory in the manner and format provided below:

> Plaintiff may not refer Defendant to her responses and/or deposition testimony in a prior action unless she fully and completely identifies:
>
> 1) the prior case (by name, case number, and court where filed);
> 2) the title of the document or the date of the deposition which contains the information sought by the interrogatory; and
> 3) where precisely in the document the information can be found.

(Order at 6, n.7.) Plaintiff did not provide the case name or court, the title of the document which contains the information sought, and/or precisely where in the document the information can be found. Furthermore, this Court ruled upon Plaintiff's objection to this request, and upheld it only to the extent that she followed the Court's direction as to the type of information that was required. As noted above, Plaintiff failed to do so.

Moreover, the request is neither vague, nor ambiguous as it asks for specific types of medical records and provides a detailed list of the types of records requested. Likewise, Defendant's request is not unduly burdensome or overbroad. Because Plaintiff claims that she has been discriminated and retaliated against based on her disability – post traumatic stress

disorder— medical records regarding that status are highly relevant and reasonably likely to lead to the discovery of admissible evidence. Plaintiff alleges that her damages include costs associated with her medical care. Thus, Plaintiff's medical records are relevant to determine the amount and reasonableness of her damages. In addition, she provides no evidence, whatsoever, that producing these documents, or indicating their precise location in her previous production, creates an undue burden or hardship.

**REQUEST NO. 12**: All documents evidencing, commenting upon, or referring to any incidents from January 1 , 2002 to the present, whether or not involving the conduct of the Defendants, which have caused you to suffer emotional or psychological distress or injury.

**OBJECTION**: Plaintiff Objects to this request - On the grounds that it is vague, overbroad, not calculated to lead to the discovery of admissible evidence and constitutes an invasion of the privacy of third parties.

**LEGAL ARGUMENT:** Plaintiff refers Defendant to the documents she produced in response to Request No. 11. As noted above, Plaintiff failed to comply with this Court's Order regarding the type of information she must provide to adequately answer Request No. 11. Moreover, Plaintiff's objections to this request were overruled by this Court – thus she cannot simply refer to documents produced in a previous lawsuit to satisfy this request.

This request is not overbroad and is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff alleges that her damages include costs associated with medical care for her post traumatic stress disorder, anxiety, and other mental and/or emotional conditions. Defendant, therefore, is entitled to determine what incidents led to her claimed injuries in this case. In addition, Plaintiff's objection that the request "constitutes an invasion of the privacy of third parties" is an improper basis upon which to object to this discovery request.

**REQUEST NO. 14:** All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 5 of the Complaint.

**REQUEST NO. 15**: All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 6 of the Complaint.

**REQUEST NO. 16**: All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 7 of the Complaint.

**REQUEST NO. 17:** All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 8 of the Complaint.

**REQUEST NO. 18:** All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 9 of the Complaint.

**REQUEST NO. 19:** All documents upon which you rely or intend to rely in support of allegations set forth in paragraph 10 of the Complaint.

**OBJECTION**: Plaintiff objects to these requests Vague, unduly burdensome; What is "Very confusing as to what paragraph - ; Very tricky - confusing:

**LEGAL ARGUMENT**: Plaintiff provided no documents in response to Requests Nos. fourteen (14) through nineteen (19). Plaintiff objected to requests numbered fourteen (14) through nineteen (19) with the single objection noted above. First, this Court has already overruled Plaintiff's objections to the above-referenced requests. Moreover, these request are neither vague, unduly burdensome, confusing, nor "[v]ery tricky." Defendant simply requests documents evidencing the allegations set forth in Plaintiff's Complaint. Plaintiff has chosen to bring these allegations before the Court, and Defendant is therefore entitled to discovery on these claims.

**REQUEST NO. 20**: All documents or tangible items or exhibits that you intend to offer at trial.

**PLAINTIFF MADE NO SPECIFIC OBJECTION TO THIS REQUEST.**

**LEGAL ARGUMENT**: Plaintiff neither objected, nor produced any documents responsive to this request. As such, Plaintiff has waived her right to object to this request and must produce responsive documents.

**REQUEST NO. 21**: All documents identified in, or relied upon in preparing, your Responses to Defendant Southern Union Company's First Set of Interrogatories to Plaintiff.

**PLAINTIFF MADE NO SPECIFIC OBJECTION TO THIS REQUEST.**

**LEGAL ARGUMENT**: Plaintiff neither objected, nor produced any documents responsive to this request. As such, Plaintiff has waived her right to object to this request and must produce responsive documents.

## Conclusion

For the foregoing reasons, Defendant requests that this Court order Plaintiff to provide further responses to Defendant's request for production of documents within ten (10) days of the date of the hearing on, or determination of, this motion. Defendant also requests that this Court order Plaintiff to provide a privilege log indicating which, if any, documents she is withholding and an adequate description of the document(s), along with the corresponding privilege asserted.

Respectfully submitted,

DEFENDANTS SOUTHERN UNION CO. &
NEW ENGLAND GAS CO.

By their attorneys,

NIXON PEABODY LLP

/s/ Neal J. McNamara________________
Neal J. McNamara (#4249)
Jillian S. Folger-Hartwell (#6970)
One Citizens Plaza, Suite 500
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
nmcnamara@nixonpeabody.com
jfolgerhartwell@nixonpeabody.com

DATED: October 12, 2007

RULE 37(a) CERTIFICATION

The undersigned hereby certifies that he attempted to, in good faith, confer with Plaintiff via letter dated October 2, 2007 in an attempt to secure disclosure of the requested discovery without court action.

/s/Jillian S. Folger-Hartwell ________________

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I sent, via certified mail, return receipt requested and regular mail, a true and accurate copy of the within document to Lynore Horn, 88 Alger Avenue, East Greenwich, RI 02818 this 12th day of October 2007.

/s/ Neal J. McNamara_______________________