UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff, | : | |
| v. | : | CA 07-142 S |
| SOUTHERN UNION GAS CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**MEMORANDUM & ORDER**
**GRANTING MOTIONS TO COMPEL**

Before the Court are two motions filed by Defendant Southern Union Gas Co. ("Southern Union" or "Defendant"):

1. Defendant's Motion to Compel Further Answers to Defendant Southern Union Company's First Set of Interrogatories to Plaintiff (Document ("Doc.") #15) ("Motion to Compel Further Answers"); and

2. Defendant's Motion to Compel Further Responses to Defendant Southern Union Company's First Request for Production of Documents to Plaintiff (Doc. #18) ("Motion to Compel Further Production") (collectively "Motions to Compel" or "Motions").

These Motions have been referred to me for determination. The Court has concluded that no hearing is necessary.

**Background**

On August 15, 2007, the Court issued an order granting a motion filed by Southern Union to compel Plaintiff Lynore Horn ("Plaintiff") to respond to interrogatories and a request for

production. See Memorandum and Order Granting Motion to Compel (Doc. #10) ("Order of 8/15/07"). The Order of 8/15/07 required Plaintiff to provide responses by September 17, 2007. See Order of 8/15/07 at 8. Although Plaintiff provided responses by that date, Southern Union alleges that they are incomplete and inadequate. See Motion to Compel Further Answers at 1; Motion to Compel Further Production at 1. In addition, Southern Union alleges that Plaintiff has improperly set forth new objections to the interrogatories and the requests for production after the Court determined her previous objections were without merit. See id. at 1-2.

Plaintiff has filed a response to the motions. See Plaintiff's Response to Defendants['] Motion to Compel Further Answers (Doc. #17) ("Plaintiff's Response"). Attached to Plaintiff's Response are several documents, including copies of letters dated August 21, 2007, and October 3, 2007, from Plaintiff to two attorneys who represent Southern Union. See Plaintiff's Response, Attachment ("Att.") 1 (Letter from Plaintiff to McNamara of 8/21/07), Att. 3 (Letter from Plaintiff to Folger-Hartwell of 10/3/07).

**Discussion**

The Court has read the Motions to Compel and Plaintiff's Response. Based on the review of these documents, the Court agrees with Southern Union that Plaintiff's answers are

deficient. Plaintiff seems to indicate that the information requested by some interrogatories is contained in documents which she has attached or submitted with her answers. However, Plaintiff does not identify which documents pertain to which interrogatories. Plaintiff also has asserted improper and baseless objections to the interrogatories. Accordingly, the Court makes the following rulings regarding the interrogatories and requests for production as to which Southern Union seeks to compel further responses.

**Motion to Compel Further Answers**

**Interrogatory No. 4**

The motion is GRANTED. For each year since Plaintiff's last day of employment with Defendant, Plaintiff is to identify all sources of income and the amount received from each source. If Plaintiff refers to documents in her answer, she is to identify the document to which she is referring and where it may be found. For example, if Plaintiff received income from employment at a company and she wishes to identify that income by referring to a document, her response should be similar to the following:

In [year] I was employed at [Name of Company]. See copy

> of [Name of Document[1]] which is attached as Exhibit A[2] to these answers.

Similarly, if Plaintiff received unemployment (or temporary disability) benefits and she wishes to identify that income by referring to a document, her response should be similar to the following:

> In [year] I received [type] benefits. See copy of [Name of Document] which is attached as Exhibit B to these answers.

The examples which the Court has given above are intended to show Plaintiff how the problem that exists with her present answers to the interrogatories can be corrected. She is not required to follow these examples exactly, but if she refers to documents, she must identify them clearly.

**Interrogatory No. 5**

The motion is GRANTED. The identity of individuals with knowledge of the facts at issue in this case is not privileged, and it is not attorney work product. See F.D.I.C. v. St. Paul Fire & Marine Ins. Co., 53 F.R.D. 260, 263 (W.D. Okla. 1971)("The

---

[1] Plaintiff should identify the document by some name which describes it by type or general category. For example, "W2 Statement," "Earnings Statement," pay stub, etc., are names of typical documents which may contain information about a person's income.

[2] Each document should have its own exhibit letter so that the particular document to which Plaintiff is referring can be readily identified.

identity and location of persons having knowledge of matters pertaining to an action are not privileged, except in the possible instance of informers. Names of witnesses, including investigators, are not privileged as work product.")(citations omitted). Accordingly, Plaintiff's objections are overruled, and Plaintiff must fully answer this interrogatory.

To the extent that Plaintiff references persons listed in her answer to interrogatory 3 in Horn v. Southern Union Company, C.A. No. 04-454 S ("Horn I"), as having knowledge of the matters at issue in this lawsuit, Plaintiff is to explain what that knowledge is. Plaintiff's statement that they have knowledge of Plaintiff's firing and why she was fired is not sufficient. Plaintiff must provide greater detail as to what knowledge she believes each of these persons has. In other words, what does Plaintiff believe that each of these persons did, saw, or heard that is relevant to the issues in this case.

If Plaintiff does not know and cannot reasonably obtain the address, telephone number, and employer of a person she identifies as having knowledge of the matters at issue in this case, she should affirmatively state this fact. Plaintiff is advised, however, that if she wishes to call any of these persons as witnesses at trial, she may be precluded from doing so if she has not been diligent at the present time in making every reasonable effort to provide Defendant with the contact

information which it seeks in this interrogatory.

**Interrogatory No. 6**

The motion is GRANTED. Plaintiff has a duty to provide a current and up-to-date answer regarding her health care providers as that information relates to the claims at issue in the instant case. If Plaintiff has consulted any health care provider since she signed her answers to interrogatories 4 and 5 in Horn I, Plaintiff shall provide all of the information requested by this interrogatory since the date she signed her answers to the previous interrogatories. If Plaintiff has not consulted any health care providers since that time, she shall state this fact.

**Interrogatory No. 9**

The motion is GRANTED. The identity of persons from whom Plaintiff or her prior counsel may have taken any statement is not work product. Because Plaintiff states in Plaintiff's Response that "this answer was given by my previous lawyer[,] and there is no other information to give," Plaintiff's Response at 3, Plaintiff may answer this interrogatory by stating that she has no knowledge of any statement, oral or written, sworn or unsworn, relating to any of the matters at issue in this case that was taken by her or anyone acting on her behalf.

**Interrogatory No. 10**

The motion is GRANTED. Plaintiff is to fully identify all civil and criminal cases in which she has provided a sworn

statement or given a deposition or testimony under oath. As Plaintiff states that she does not remember whether she "gave testimony as part of the criminal case," Motion to Compel Further Answers at 7 (quoting Plaintiff's Answers to Defendant's First Set of Interrogatories, Answer to Interrogatory No. 9), Plaintiff is to identify the criminal case to which she is referring. For example, Plaintiff should identify who was charged with a criminal offense, what the offense was, the name of the court in which the charge was filed, the approximate date of the charge, and the police department or law enforcement agency which brought the charge.

**Motion to Compel Further Production**

**Request No. 1**

The motion is GRANTED. Plaintiff's objections are overruled. Documents relating to her allegations and claims in this case are relevant. Plaintiff is advised that if she does not produce the requested documents, she may be precluded from using them at trial.

**Request No. 2**

The motion is GRANTED. Plaintiff's objections are overruled. Documents containing, referring, or relating to statements Plaintiff has made about the facts or subject matter of this case are relevant. If Plaintiff claims that any responsive documents are privileged, she is to identify the document with sufficient particularity so Defendant and the Court may determine the basis for her claim of privilege. For example, if Plaintiff wrote a statement for her attorney and when that attorney ceased to represent her the attorney returned the

statement to Plaintiff, it may be privileged. Thus, in lieu of producing such statement, Plaintiff is to state that she is withholding on grounds of privilege a statement which she prepared for her prior attorney on or about (date). If Defendant disputes that a document withheld by Plaintiff is privileged (or Plaintiff has provided insufficient information to enable Defendant to make that determination), Defendant may file a motion to compel production of the withheld document(s) and the Court will conduct a hearing.

**Request No. 3**

The motion is GRANTED. Plaintiff's objections are overruled.

**Request No. 4**

The motion is GRANTED. Plaintiff's objections are overruled.

**Request No. 7**

The motion is GRANTED. Plaintiff's objections are overruled.

**Request No. 8**

The motion is GRANTED. Plaintiff's objections are overruled. Plaintiff is to provide any documentation in her possession showing the actual amount of income she received from unemployment insurance and temporary insurance benefits since her employment ended with Defendants.

**Request No. 9**

The motion is GRANTED. Plaintiff's objections are overruled. Plaintiff is to provide complete copies of her federal and state income tax returns for the years 2002 to 2006. If Plaintiff does not have copies of any or all of these returns in her possession, she is to sign releases, if Defendant so requests, in order that Defendant may obtain these documents directly from the federal and state governments.

**Request No. 11**

The motion is GRANTED. Plaintiff's objections are overruled. The Court has previously instructed Plaintiff that if she responds to an interrogatory or a request for production by referring to information or documents provided to Defendant in a prior action, she must do so in the manner and format specified in the Order of 8/15/07 at 6 n.7.[3] Plaintiff's response to Request No. 11, "All are documents in your possession from case #04-434S- same lawyers - same law firm," Motion to Compel Further Production at 9, does not fully comply with this instruction. Plaintiff has not identified 1) the prior case by name and the court where it was filed, 2) the title of document(s) which contain(s) the responsive information, and 3) where precisely in the document(s) the information can be found.[4] Plaintiff must

---

[3] The Court instructed Plaintiff that she may not refer Defendant to her responses in a prior action unless she fully and completely identifies:

1) the prior case (by name, case number, and court where filed);
2) the title of the document or the date of the deposition which contains the information sought by the interrogatory; and
3) where precisely in the document the information can be found.

See Memorandum and Order Granting Motion to Compel ("Order of 8/15/07") at 6 n.7. The Court provided an example of how Plaintiff should answer if she contends that the information requested by an interrogatory or request for production in the instant action can be found in her answer to an interrogatory or responses in a prior action. See id.

[4] For Plaintiff's benefit, the Court gives the following example of a response to Request No. 11 which would comply with the Court's order of August 15, 2007:

Please see the doctor and hospital bills attached to Plaintiff's Responses to Defendant Southern Union's Request for Production in the prior action of Lynore Horn v. Southern Union Co., C.A. 04-434 S, U.S. District Court, Providence, RI ("Plaintiff's Prior Document Responses"). Plaintiff's Prior Document Responses were mailed (or delivered) to Southern Union on or about February 24, 2005.

either produce the documents requested or comply with the Court's order of August 15, 2007.

**Request No. 12**

The motion is GRANTED. Plaintiff's objections are overruled.

**Requests Nos. 14-19**

The Motion is GRANTED. Plaintiff's objections are overruled.

**Requests No. 20-21**

The Motion is GRANTED.

**Conclusion**

In summary, Defendant's Motions to Compel are GRANTED. Plaintiff's objections are overruled. Plaintiff shall by November 26, 2007:

1) provide Defendant with supplemental answers to Interrogatory Nos. 4, 5, 6, 9, and 10;

2) title such supplemental answers as "Plaintiff's Supplemental Answers to Defendant Southern Union Co.'s First Set of Interrogatories to Plaintiff;"

3) provide Defendant with supplemental responses to Request for Production Nos. 1, 2, 3, 4, 7, 8, 9, 11, 12, 14-19, and 20-21; and

4) title such supplemental responses as "Plaintiff's Supplemental Responses to Defendant Southern Union's First Request for Production of Documents to Plaintiff."

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 9, 2007