# EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNORE HORN, Plaintiff | : | |
| v. | : | C.A. No. 07-142S |
| SOUTHERN UNION CO. & NEW ENGLAND GAS CO., Defendants. | : | |

**AFFIDAVIT OF D'ANNA SOEHNGE**

I, D'Anna Soehnge, under oath do depose and say as follows:

1. At all times relevant to the facts at issue in this Complaint, I held the position of Vice President of Human Resources for Southern Union Co. d/b/a New England Gas Co. ("Defendants" or "Gas Company").

2. As Vice President of Human Resources, my staff and I were responsible for setting and maintaining policies concerning employee medical leaves of absence and maintaining the personnel records associated with such leaves of absence.

3. The Gas Company's Return From Family/Medical Leave Policy ("FMLA Policy") provides that the company may fill any position left vacant by an employee who has exhausted FMLA leave time and has continued on an extended approved medical leave for twelve consecutive months.

4. Pursuant to the FMLA Policy, at all times relevant to the facts at issue in this Complaint, the Gas Company's practice was to inform an employee who had been on a leave of absence for one year that termination will occur unless the employee demonstrates that he or she has been released to return to work and that return is imminent.

5. The last day Plaintiff reported to work at New England Gas was December 7, 2004.

6. On the following day, December 8, 2004, Plaintiff began a medical leave of absence.

7. In December 2004, Plaintiff's doctor provided Defendants with a letter indicating that he advised Plaintiff to "remain out of work for the immediate future." In February, 2005 Plaintiff's doctor notified Defendants that Plaintiff's "psychological & emotional limitations prevent her from returning to work at New England [Gas] in any capacity at this time" and that the date upon which Plaintiff would be able to return to work was "not known."

8. Defendants received no other communications from Plaintiff's doctors and Plaintiff's doctors never released her to come back to work prior to her termination.

9. On November 23, 2005 Joan Chafee, the Supervisor of Labor Relations for New England Gas, sent a letter to Plaintiff, which stated "unless you notify the Company that you have been released to return to work and your return to work is imminent, your employment will terminate automatically without further notice at the close of business December 7, 2005."

10. The Gas Company sent similar letters to other employees who, like Plaintiff, had been out of work for twelve months. See Letters, attached hereto as Ex. 1.

11. In response to Ms. Chafee's November 23, 2005 letter, Plaintiff wrote to Ms. Chafee indicating that she could not return to her previous job, but there were two jobs she could perform at the Gas Company: (1) Executive Vice President of Sexual Harassment and Diversity Training: For all of Southern Union Gas Co. and affiliates; or (2) Assistant to Legal Counsel. Plaintiff described the duties she envisioned such positions would entail.

12. These suggested positions were not positions that currently existed within the Gas Company; rather, Plaintiff was suggesting that these positions be created for her.

13. Plaintiff did not suggest any union positions that she could take that would permit her to return to work.

14. Consequently, on December 7, 2005, I responded to Plaintiff in writing and terminated her employment because she refused to return to her previous job classification, and her conditions for her return to work were unreasonable.

D'Anna Soehnge

STATE OF RHODE ISLAND
COUNTY OF

Subscribed and sworn to before me this 28 day of February, 2008.

Notary Public
My Commission Expires: 1/8/11