UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LYNORE HORN
Plaintiff

V C.A.No. 07-142 -S

SOUTHERN UNION GAS CO
NEW ENGLAND GAS CO
Defendants

**PLAINTIFFS' AMENDED STATEMENT OF DISPUTED FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

NOW COMES the plaintiff, Pro Se Submits the following statement of disputed facts In opposition of any motion for Summary Judgment ..

1. Undisputed Statement

2. Undisputed Statement

3. Undisputed Statement

4. Undisputed Statement

5. Undisputed Statement

6. Disputed in Part : **Agree with** : Plaintiff filed charge of discrimination against Defendants with the Rhode Island Commission for Human Rights : **Disagree** :with alleged disability, Post Traumatic Stress Disorder **See:** : Ex section O Page 1 Certification of Health Care Provider ( Nature of Illness) Post traumatic Stress Disorder from Dr Lisa Shea **See:** : Ex Section 32 page 1 Certification Of Health Care Provider Dated 12/28/04,section 32 letter dated 2/28/05 Dr Marzilli (Nature of illness) Acute Stress Disorder W r/o of PTSD **See:** : Ex. Section 32 page 3 Titled Center for Mood and Anxiety Disorder, Ltd June 27, 2005 Letter By Dr Holly Tytell MD Post Traumatic Stress Disorder ,

7. Undisputed Statement

8. Undisputed Statement

9. Undisputed Statement

10. Undisputed Statement

11. Undisputed Statement

12. Undisputed Statement

13. Undisputed Statement

14. Undisputed Statement

15. Undisputed Statement

16. Disputed In part – **Agree with** : In October 1999, Plaintiff voluntarily chose to return to facilities maintenance department – **Disagree with** Resume her janitorial and other maintenance –type duties : **Correction is .** Told upon return job title had changed to boiler operator located in 100 Weybosset street Instructed to go to the next available class and take state exam . **See:** section 1 Page 1 NAPE#1 Letter Completed Boiler Fundamentals . **See:** section 1 Ed Bolduc's deposition November 14, 2005 page 58 Line 13-17 Line 22 page 60 line 13- 18 , also Ex Attached section 1 page 3 – Letter Preparation course for Boiler Operators License , City of Providence – Ex : Attached section 1 page 4 letter Re Boiler Operators License

17. Disputed In Part : **Agree with** "On or about " **Disagree with** Plaintiff moved to the meter reading department but remained in that position for less than two weeks : **Correct statement is** : Plaintiff was bumped from her job at Weybosset street in boiler operators /facility maintenance forcing her back to Dexter street- The meter reading department . **See:** Ex section 2 page 1 August 26,2002 letter Section 1 page 2 positions available; **See:** Deposition Lynore Horn section 2 page 69 line 4and 5 Page 69 19- 21

18. Undisputed Statement : Affidavit of Cliff Richer numbers 15 – 17 Disputed

**See:** Ex section 11 2003 Diary of Mike Mcguire 3 pages ; Line 5 specific examples : Her hair color : Her One Oar, **See:** section 3 May 3 2006,deposition James Dawley page 96 3 rd question . 14th line section 3 May 3 2006 deposition James Dawley page 104 # 14-21. also page 59 3rd question and answer

19. Disputed in part : Agree with most Except from the word :Consequently , leak surveyors spend the vast majority of their time in the field : This is the opinion of the lawyer offering neither first hand knowledge or corroborating evidence.

20. Undisputed Statement

21. Undisputed Statement

22. Disputed : Plaintiff never took any medical leave : plaintiff was told by her Dr that the acute stress disorder "Which appeared to be work related "The Dr Advised her to remain out of work . A Workman's Compensation claim was put in by company **See:** Ex section 17 Dr Marzilli letter – **See:** section 18 page 1 New England gas report of Accident **See:** Section 18 travelers Ins what was person doing when injured stress related injury from the workplace **See:** section 18 letter from Travelers Ins letter 3/02/2004 : letter of denial

23. Undisputed Statement

24. Disputed in Part – **Agree with** In June , 2004 Dr Marzilli released plaintiff to return to work : **Disagree** With in leak survey Correction needed The Dr stated her customary job only if the harassment, which she has experienced , ceases. If this cannot be assured , Then I would insist that she be reassigned to a different department . **See:** section 19 letter dated June 4, 2004 Letter from Dr Marzilli sent to Company nurse **See:** section 19 Letter by Att. Pat Andrews To D'anna Soehnge June 8,2004 Sending same letter that went to the company nurse to Vice President of Human Resources

25. Disputed in Part – **Agree with** :In August 2004 due to a back or neck injury **Disagree** with Plaintiff took another leave of absence . Correction needed , - It was a

Workman's Compensation injury reported – On 8/16/2004 denied by Travelers Ins on 10/18/2004. **See:** section 27 – six letters received by Travelers – about claim and denial

26. Undisputed Statement

27. Undisputed Statement

28. Undisputed Statement

29. Undisputed Statement

30. Disputed in part **Disagree** with defendants received no other communication from plaintiff Doctors. Correction : Three Doctors notified the company of the plaintiff care : Dr Shea **See:** ex section 32 page 1 ... **See:** ex Dr Tytell section 32 June 27,2005 All correspondence with defendants through there attorney . Last correspondence was October 18, 2005 Dr Tytell **See:** section 5 total page

31. Disputed in part . **Disagree** with no more than a total of 12 consecutive months correction . extensions available – light duty available **See:** **ex :** section 41 U Memorandum of Agreement page 7 number 11 -14 . **See:** section 4 full page New England gas family medical leave policy read standard paragraph 4 and 5

32. Disputed : the defendants have not proven that they communicated with the plaintiff Her Doctor , The company Dr or the plaintiff – or her Attorney . Other than an affidavit **See:** ex: section 40 clearly stated by company must return to your former classification Only on December 7 , 2005 letter certified letter by vice president of human resources

33. Undisputed statement

34. Undisputed Statement

35. Disputed in part : Attorney left off, even willing to leave state : **See:** section 6 Ex Page 64 and 65 of same deposition

36. Disputed : No communication with company's doctor and the company took place

**See:** Page 1 section 1 Affidavit of Lynore Horn , page 2.

37. Disputed in part: Other than affidavit, company can show no proof of communication with Dr. It is not the job of the Dr... The company lawyer or a representative should have asked, can she return to a job in this company ...

38. Undisputed

39. Undisputed

40. Disputed in part :**Agree** with they may not have all existed at this time but **Disagree** with "***Created for her***". These positions have been established in the gas company for years – **See:** Section 7 Jobs in Providence gas and Southern union , corporate legal in the year 2000 had a legal assistant Ms. Lavault **See:** Ex section 7 page 2 section 2 page 3 Safety director :In years previous they had Director of community relations This woman went to schools and talked about our company : safety : Gas odors: leaks. This job was in existence in 2002 to the best of my knowledge

41. Undisputed Statement

42. Disputed in part: disagree with: Plaintiff was required to bid into vacant union positions: As stated in the union handbook the union steward signs for everyone who is sick – on vacation or out. **See:** Section 8 Union book Page 23 Notice of vacancies; Paragraph 5.

43. Disputed in part: The Doctor not the plaintiff had to return her to work and the plaintiff had no knowledge of Union position(s) available- Each position or light duty – or moving to another location should have been discussed with doctors – no communication was given with company .

44. Undisputed Statement

**Plaintiff Disputed facts**:

1. The knowledge of guns on the gas company grounds(Dexter Street Facility ) has been evident since the early 1990's and brought to the attention of D'anna Soehnge in 2001.**See:** ex: **section 9** Page 1 Interrogatory 5 Response **See:** Section 23 November 21, 2005 David Lauble – page 11 17-23 also page 12 1-5 15-18 and page 13 13-25 Page 14 1-8 page 15 1-25 page 16 17-25 page 17 1-16 and page 20 4-21 Deposition of Don Brown February 26, 2008 : page 7 21-25 page 8 1-25 and page 9 1-4 Deposition of Edward Bolduc August 12, 2005: Page 16 – 1-25 and page 17 1-11 Deposition of Edward Bolduc November 14, 2005: Page 153 2-20
Deposition of Steven Giarrusso: March 2, 2006 Page 32 all and 33 all
Deposition of James Dawley: May3, 2006 Page 69 6-13

2. A gun policy was established in 1996 with no corrective action so the Southern Union gas company issued a new policy on 7/01/01: the same year the plaintiff talked to the Vice President of human resources about guns **See:** section 10 personnel policy Date of issue 1996 Policy name Weapons **See:** Ex page on weapons, use or possession on company business page 2 dated 7/1/01

3. Kathleen Gudaitis, executive secretary of providence and New England gas wrote a letter as to the carrying weapons _ mentioning union and management – **See:** Ex Letter section 10 page 3 – October 27 1994; to Robert Ringman (an Executive at the time.)

4. The bumping process took place in August of 2002 bumping the plaintiff from a Weybosset street position back to Dexter Street **See:** section 2 August 26, 2002 letter –all : deposition Lynore Horn page 69 line 13-21

5. In 2003 The plaintiff went to Cliff Richer's boss Mike McGuire to give him examples of how she was treated During work – by her boss ,degrading : hair color – age and called "one oar" not Lynore : On June 2 diary states mike McGuire spoke to Cliff Richer and he said she was a pain in the Ass " **See:** section 11 diaries by Mike McGuire. - Year 2003 May 30 and June 2, 2003

6. In 2003 talk of a black man being dragged by his penis – –the plaintiff was told to drive with the only black man – "To be with her own kind" **See:** section 12 : Deposition April 20, 2006 – Lynore Horn page 215 – 9-12 page 216 1-4 10-12 and 24, 25 Page 217 line 1 and 11 -25 and 218 number11-20 and **See:** section 12 Deposition of Jim Dawley Dated May3 2006 page 96 line 14-23

7. In 2004; the plaintiff had a meeting with Bob Ringman Cliff Richter's new Boss - **See:** section 13 :Deposition of Lynore Horn page 231 – line 13-19 page 232 line 4 – 14 page 234 line 20 – 25 page 235 line 12-18

8. Plaintiff now called a Niger Lover by her boss : because a story of a black man being dragged by his penis ;The plaintiff told her boss it bothered her. **See:** section 14 Deposition of Don Brown February 26,2008 – page 11 line 3 25 page 12 line 1 – 25 Deposition of Steven Giarrusso March 2, 2006 page 51 line 17 – 25 page52 line 1-24 Page 53 line 1-17

9. Many people had knowledge of abuse to the plaintiff **See:** section 15 Supplemental Response

10. Plaintiff being physically injured at work : Kathy Wall The company Nurse leaving off persons name who hurt the plaintiff **See:** section 16 Deposition Kathy Wall December 18, 2007 page73 line 11 -25 page 74 1-25

11. On February 18,2004 : Dr Marzilli : The First time telling the company the disease : Acute stress disorder and that it was work related also that the plaintiff was out till she saw her primary care physician .The plaintiff was showing physical symptoms **See:** :Section 17 – letter dated February 18, 2004 from Dr Marzilli
**See:** Deposition Dr Marzilli April 21, 2006 section 17 – page 18 line 18-25, page 19 1-6 19-25 page 20 1-25

12. A workman's compensation report was filled out and given to Travelers Insurance by the company. Travelers opened the claim on 2/17/04 and closed it on 4/23/04 with a denial – claiming in letter format that they did an investigation and have determined that the injury does not appear to causally related to your employment . **See:** section 18 page 1 New England gas company report : report to State of Rhode Island and two letters from Travelers Insurance

13. On June 4 , 2004 Dr Marzilli released the plaintiff to work : The note stated " It should be noted that Ms Horn is capable of returning to her customary job only if the harassment, which she has experienced, ceases. If this cannot be assured , then I would insist that she be reassigned to a different department . **See:** section 19 letter dated June 4 , 2004 **See:** section 19 letter from lawyer to Vice President of Human Resources Enclosing Dr Marzilli's note **See:** Deposition of company nurse Kathy Wall section 19 page 40 line 2-25 page 41 line 1 -25

14. May19,2004 : After receiving a phone call from the nurse :The Plaintiff received this note saying she must have a disability management evaluation before returning to work **See:** section 20 letter dated May19, 2004

15. Kathy Wall : The company nurse first contacted Life watch ; to set up the disability evaluation- Kathy wall in contact notes is stated as saying client was having some problems with her supervisor prior to leaving in February and had come into Kathy's office crying prior to being out on stress leave . a Workman's comp case was filed and the case went to court and was denied . Client is now requesting TDI . Client has been diagnosed by her therapist with acute stress Disorder and Panic Disorder Company was well aware of disability at this time :_ **See:** section 20 Individual report for Lynore Horn dated 5/24/04 Please read contact notes middle of page **See:** section 20 2nd page of individual report ;read sec assessed problem ; workplace violence

16. Roger Whatts : of Life watch Did the consultation and stated " It was LWEAP'S opinion that she is unprepared to return to work at this time " Kathy wall the company

nurse ; did not feel she needed to tell life watch if she thought the plaintiff was being physically or verbally abused . **See:** Section 21 Contact notes **See:** Deposition of Nurse, Kathy Wall **See:** section 21 page 50 Line 4 – 25 page 51 Line 1-25 page 53 line 1-25

17. The company contacted the plaintiff 's Dr : in writing ,when they wanted an update as to the patients condition :The Dr filled out every form he received .On many forms it says ; between 2/17/04 and 5/10/04 that the patient has acute stress disorder and panic disorder and the patient has no physical limitations. /**See:** section 22 certification of health care provider please: note nature of illness and notes to employee ; end of page and Modified duty assessment sent from Kathy Wall the company nurse Dear health care professional **See:** section 22 Deposition of Kathy wall , the nurse page 44 line 3 -25 page 45 line 1-2

18. Letter received from Holland and Knight returning plaintiff back to same boss same area , same environment : Two lawyers: Attorney McNamara , Attorney Black and a Vice President of Human Resources D'anna Soehnge override their Dr's opinion and the Doctor of the plaintiff . Saying In the event Ms Horn experiences any behavior – That she believes is harassing – she should immediately contact D'anna Soehnge . or me ( Attorney McNamara ) regarding her work environment . **See:** section 23 letter from Holland and Knight

19. The plaintiff was scheduled to return on June 21, 2004 and shortly after returning the abuse started again by her boss Cliff Richer : worse physical : The plaintiff called Holland and Knight and begged to speak to Attorney . McNamara. Then called D'anna Soehnge Who would not talk over the phone just set up an appointment for July1,2004 **See:** section 23 Affidavit by plaintiff **See:** # 19 -25

20. Meeting with Vice President of Human resources : meeting with D'Anna Soehnge Vice President of Human Resources : could have removed me from the job as stated in her deposition but chose not to : just do an internal investigation and not check or

return any letters or calls from the plaintiff . **See:** deposition December11,2007 Danna Soehnge section 24 Page 12 line 14 – 25 page 13 all page 14 all page 15 all and 16 all page 30 line 8 -25 , page 31 14-25 ,page 32 all , page 33 line 1-16 page 34 all

21. Every job opportunity that came up the plaintiff applied for union or management in the year 2004 : On July 15 , 2004 Supervisor of Customer Field service .The Plaintiff being one of the first few woman to finish the training given by the gas company in this field , and having a boiler operators license , having owned a retail business : and college education . applied for the job. First writing a letter to D'anna Soehnge V.P of Human Resources : This being after our meeting on the hostile environment thinking she should know I am willing to even to leave the union . That job was denied – **See:** Section 25 Job Opportunity on resume and note to Vice President of Human Res. D'anna S. with resume attached .

22. Union Job : Research analyst was posted : Every union person before me either refused the job or got time to prove they could do the job – But the plaintiff was told she had to be tested by two supervisors :Which she took , and answered every question , yet the company denied the plaintiff the chance to try the job ,so she wrote her steward Mark and he entered a grievance which the company denied the opportunity to try the job. In sixteen years never has this plaintiff not been given the right to try the job **See:** : section 26 : Job opportunity : Then letter to ,steward Hi Mark , grievance by the Union.

23. Research analyst job : plaintiff was denied to try : goes to male drunk that threatened a woman union employee during work hours in early 2005 – Ron Ucchi a union employee –Instead of two woman employees who applied without alcohol or drug problems . The drunk (without a test) New England gas quickly helps the man in trouble, moves him to another department and gives him clean slate; ,giving him the research analyst job but would not help the plaintiff in fear of her life . **See:** section 26 Christine Stamp deposition April 6 , 2006 page 24 line 2-25 page 25 line

Continued from page 10 1-25 page 26 1-25 page 27 1-14 **See:** section 26 James Dawley Deposition May 3 2006 page 120 line 7 -25 .page 121 line 1-25 and page 122 line 1-24

24. Plaintiff is hurt in old rusted company van – Rusted door broke fell on plaintiff pining her into a door frame :Never in sixteen years has plaintiff been refused a claim while hurt on company property or on the job . Except after seeing the Vice President of Human Recourses about abusive boss , – workman's comp injury ; paperwork given to traveler insurance , claim given on 8/16/04 – denied on10/18/20 Travelers refused to pay Dr bills for the two months . and gas company Ins would not pay – still not paid till this day, **See:** section 27 letter dated August 19,2004 Notification letter 2nd letter Itemized Statement of compensation section 4 denied . – letter 3 Dated 10/18/2004 from travelers says Based on our investigation we have determined What investigation - ?

25. The plaintiff did not have a computer at her work station but these sexual notes : again harassing blond jokes ;and degrading woman - were left for her all in latter 2004 – **See:** section 27 A blonde on a Plane – The confession –You are never safe in public –laff of the day

26. The plaintiff was shaking , dry heaving ; in the Am hours at work The boss Cliff Richer said it was mercury poisoning that the plaintiff would have retarded children .Because she drove an old customer service van - The conversations started after the break in at Valley Gas : That he was the one who put the mercury there . **See:** section 28 James Dawley May 3 , 2006 page 75 line 18 -25 and page 76 all - Page 77 line 1-25 .Deposition of Steven Giarrusso , Dated March 2,2006 – Page 6 line 15-25 page 7 line 1-25 page 8 line 1-25 Deposition of Gary Sunday March 9 , 2006 page 15 line 9-25 : Deposition of Lynore Horn April10,2006 page 6 Line 1-25 page 7 line 1-25 page 8 1-25 page 9 line 1-25page 10 line 1-16

27. Other people noticed Cliff Richer abuse toward the plaintiff and knew I was scared of him **See:** section 29 Affidavit of Mariam Comeau

28. The New England gas company showed anything is acceptable: Guns ,Malicious damage to property , deadly weapons, behavior considered out of line ,vulgar language ,shouting, drunks ; and no one got fired :and all the employee were located at Dexter street facility **See:** Section 30 Deposition of Christine Stamp: April 6 2006 line 8-25 page 37 line1-17 Deposition of Ed Bolduc : November 14 , 2005 page 115 line 18 -25 page 116 line 1-18 Deposition of D'anna Soehnge December 11 , 2007 page 28 line 1-20 page 71 line 19-25 :page 72 line 1 -25 :page 73 line 1-25 Section 30 letter to Paul Cardin dated 6-28-03 , Letter New England Gas Dated September 6, 2002 ,Letter certified mail – Paul Cardin Company contemplating termination –for assault Dated march 22 , 2002 Letter January 15,2001 to Phil San Souci :Verbal confrontation :letter dated June 25, 2002 : to Paul Cardin termination rescinded .May 29,2002 Letter From department of Labor and Training Deposition Of Don Brown Page 22 line 22-25; page 23 1-25; page 24 5-25; page 25 1-25

29. December 7 2004 Last day of work : I saw a gun on an employee –My boss (Cliff Richer) was smiling ; ended up in emergency room- They called the police to come to the emergency room for a statement ; Days latter the plaintiff was in Butler hospital for Acute Post Traumatic Stress **See:** Section 31 Letter From Dr Marzilli Dated December 7, 2004 , Next Information from medical clinic Dated 12/07/04 , next police report **See:** section 17 Deposition of Dr Tytell page 55 all

30. After seeing a gun at work again- at the same location ,( Dexter street) The plaintiff went from Acute stress disorder to Acute post traumatic stress disorder –As in 2004 Letters sent from the Gas company were filled out in 2005 : If the company sent an update it was filled out . The first note was in 12/28/04 by Doctors at Butler Hospital, Other notes by Dr Marzilli and Dr Tytell - .The company was well aware That The plaintiff was at Butler hospital with a guarded prognosis : and unable to return to Dexter street _ yet they also knew they owned many other locations .

.**See** section 32 Certification of health care provider dated 12/28/04-Deposition dated December 18,2007 page 61 line 11 -21 Certification of health care provider dated 2/28/05 Modified Duty Assessment dated 2/17/05 Center for mood and anxiety disorders, Ltd June 27,2005 Dr Tytell Note : Inside company email D'Anna Soehnge : Knowledge of unable to work at Dexter Street .

31. The company worked in 2005 not to tell employee of jobs available – or what ways they could work with her disability : instead they hired an investigation team to harass her , and every member of her family . Calls at all hours ; cars parked in plaintiff yard Harassed going to doctors office – by the firm Dickerson Group **See** section 33 page 1 Named Legal Investigators .
32. The nurse , Kathy Wall : without notifying Plaintiff erased all time that was workman's comp and deleted it from her sick bank – Only doing this after she was out Of work do to seeing a gun again ; on December 7 2004 . If the sick time was left alone the plaintiff would have had 488 hours paid – by the company Giving her more time to heal ,**See** section 33 Note Kathy Wall dated January 19,2005 : and page dated 12-13-04 Dates 9-13-04 through 10-22-04 says worked 4 hours untrue worked 8 hours light duty. No information given to plaintiff
33. In 2005 – The gas company employees were checking into the plaintiff s qualifications: several jobs needed a boiler operators license in other locations at Valley gas – Allens Ave and Weybosset street (People were retiring and job opening were brought to their attention : Again The gas company never contacted my doctor with light duty or jobs using the boiler operator license **See** section 34 Allan ,Amanda on top page from D'anna Soehnge Vice President of human resources
34. The plaintiff saw a gun on December 7, 2004 In august they are writing notes as to " Thought she was termed – She filed a lawsuit " again nothing about when to discuss : jobs : working with her disability or what other locations have part time work : nothing Just talk of firing the plaintiff way before the year is up **See** section 34 2nd letter company email : Paula Cabral : dated August 25 ,2005

35. Temporary Disability Insurance Asked if the injury : Was a work connected disability reported to you : They said No on the 1/07/05 when in truth the company have 2 doctors and a lawyer telling the about work related harassment : a hostile work environment : and now a disability Post traumatic stress caused by work By Dr Shea at Butler in December . Why did they file workman's comp the other two times but now when a gun is mentioned now no filing of paperwork by the nurse See Section 31 Page 2 Warwick medical walk in : The nurse was called to verify if I work there and to notify that it is a workman's comp injury : copy faxed to nurse : All Doctor notes given in 2005 to company attorney for other lawsuit ( 04-434S) **See** section 35 Temporary Disability : Employer inquiry dated 1/07/05 Question 1 -5 TDI form : Statement of attending physician : From Dr Lisa Shea Look at Diagnosis and Is disability work connected : Patient unable to work for 12 weeks : Dr Marzilli: Diagnosis : and work connected :

36. Light Duty Jobs , during the total sixteen years of employment ,were always offered by the company :The Company wrote your Dr saying what light duty jobs can the plaintiff do : what physical limitations, what mental; limitations : None were offered in 2005 **See** section 36 light duty job On September 8 ,2004 :Please notice Work related injury : Notice 4 hours 6 hours and 8 hour days available : and three different locations .

37. The company states : who knows if The plaintiff could do the jobs she asked for : the company always degraded woman in the union : union men such as Frank Devlin was a customer serviceman , in the union never graduated from high school : and in 2002 Southern Union made him an (Director) : or an executive : No supervisor experience : no college : .. See section 36 Plaintiff resume ( Note owner of store and college education ) See Section 7 Page 1 – Director of Customer Field Services F Devlin

38. The gas company was aware of the State boiler Operator Lic : held by the plaintiff and Meter reading experience which every company : Fall river gas : valley Gas company : each owned by Southern union at the time : each had a separate meter reading area : and also leak survey which the plaintiff was doing when she saw the gun . **See** section 36 letter from Department of Inspection and standards and **See**

section 36 company e-mail on meter reading dated September 3 ,2002 ( Please note on email sent to Bud Butler who was supervisor of human resources : and the original person to do gun investigation in 1994 stated in section 9 Interrogatory .

39. The plaintiff wrote a Letter to the company :Saying " The letter you sent me is putting a time limit on my disease" : The letter stated the plaintiffs limitations were and still are cannot return to a hostile environment : Giving examples : just examples ; Please note this plaintiff was in fear of her life ,scared to death to return : But wanting a safe job ..Willing to work out of state : Or work with Attorney Black who sat in on many depositions in total horror as to the plaintiff's working conditions. The company never offered any job or contacted any Doctor (as they did all previous times ) the plaintiff was out of work : just said unreasonable and fired her **See** Section 36 letter to Joan Chaffee **See** section 40 letter dated December 7 2005 Stating your unwillingness to return to your former job classification (would you return to an area where you saw not one but two guns. They knew she needed a job off Dexter street grounds < and never offered it .

40. When you are out sick : a union steward signs your name to all postings : when the job comes down to you –The company calls you – even on vacations , sick , to offer the job to you **See** Deposition John Shadoian section 37 Page 16 Line : 18-25 page 17 – line 1-20 .

41. Many union jobs came available in 2005 ,many the plaintiff physically could have done : The plaintiffs doctor would have mandated a safe from guns violence ; harassment atmosphere and if the job could be located at a different location :like meter reader. In February the plaintiff has shown that she can do the job : but the company would have had her be located in Weybosset street instead of Dexter the fear of guns and physical abuse , again the company was not willing to communicate . Another job assistant dispatcher : they had dispatchers in Valley gas (owned by the same company ) maybe they could have had the plaintiff work out of that location **See :** .section 37 - listed 18 union jobs **:** Customer Field service in January 10,2005 to Facility locator/leakage Survey Dated November 1, 2005 ..

42. In 2002 the plaintiff was bumped from Facility maintenance working as a boiler operator : and facility maintenance person ,told that the first job opening she would

be entitled to have : In November 1.2005 a job opened The plaintiff was still employed : The location for this job is Dexter street but the plaintiff being the lowest in seniority in that department would have had to let Jerry porter or Christine stamp have first dibs at that location - then the plaintiff would have gone to the open job in Weybosset street . With her years of experience and her boiler operator license . she was well qualified for the job .again the company never asked her Doctor or let the plain tiff know about this job . See section 38 Notice of vacancy : November1 , 2005 Facility maintenance See section 39 union contract page 14 section 4 and page 13 under seniority . The union employee who took the job came with physical disabilities , could not lift ; climb a ladder :

43. A grievance was put in by the union on 12/29/2005 The union was told because I was suing the company would not consider any jobs or talk about rehiring : They said it was to much paperwork for them : The plaintiff was present during the 1/30/06 : meeting to over here this comment See section 40 Grievance dated 12/29/05

44. This employee, the plaintiff was fired with jobs available : no communication with her doctor as to her progress during the year : and what limitations does she have after seeing another gun at Dexter street . See section 41 Memorandum of Agreement page 5 section on workers compensation "Stress " an employee shall be eligible for up to 13 weeks of make-up pay in a 12 month period beginning on July1 of any year not chargeable to sickness and disability days :for mercury poisoning the plaintiff was eligible for 33 weeks make up pay : starting in July of 2005 : and see light duty section 8-10 same page : There is light duty outside her job classification and department .

Respect fully Submitted :

By Pro Se Plaintiff

Lynore Horn

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on Nixon Peabody at one Citizens Plaza Suite 500 Providence RI 02903

____________________ Dated May 12, 2008